PER CURIAM.
Plaintiff, E. Summers Sheffey, appeals from the denial of his request for a writ of quo warranto returning him to office. We are compelled to affirm.
Plaintiff was elected a judge for the Court of Record of Broward County in 1968. On March 5, 1970, he was suspended from office by the then Governor Kirk, pursuant to Article IV, Sec. 7, of the Florida Constitution, F.S.A. The suspension order charged plaintiff with misconduct in office, the details of which we find unnecessary to here record.
Following the suspension, a Select Committee of the Florida Senate was created to investigate the charges and hold hearings. After lengthy hearings the Committee recommended sustaining the suspension order and the full Senate so voted.
The procedures developed to afford due process of law to persons being.investigated by Select Senate Committees are found in Section 112.47, F.S.1969, F.S.A.
“112.47 Hearing before senate select committee; notice. — The senate shall afford each suspended official a hearing before a select committee, master, or examiner, and shall notify such suspended official of the time and place of the hearing sufficiently in advance thereof to afford such official an opportunity fully and adequately to prepare such defenses as the official may be advised are necessary and proper, and all such defenses may be presented by the official or by his attorney. In the furtherance of this provision the senate shall adopt sufficient procedural rules to afford due process both to the governor in the presentation of his evidence and to the suspended official, but in the absence of such adoption, this section shall afford a full and complete hearing, public in nature, as required by the state constitution. However, nothing in this part shall prevent either the select committee or the senate from conducting portions of the hearing in executive session if the senate rules so provide.”
We find these procedures to be satisfactorily in accordance with concepts of due process. We now turn to the application of this to the facts at hand.
Plaintiff first contests the suspension proceedings as being invalid because *910 the suspension order was worded incorrectly. It removed plaintiff from a non-existent office, Judge of the Criminal Court of Record of Broward County, rather than from the Court of Record. This error was subsequently corrected through an amendment to the order. We would equate this point to a scrivener’s error which was not prejudicial and not violative of due process. The amendment to the order was a proper vehicle for correcting this technical error.
Next plaintiff contends he was not given adequate discovery. It is true that the committee took his request under advisement. However, a close survey of the record shows that plaintiff was conversant with the nature and the particulars of the charge and did receive a witness list. We have examined the record in detail and find that nowhere does it appear that plaintiff was prejudiced, surprised, inconvenienced or placed at any disadvantage with reference to this matter.
Plaintiff also complains that the Select Senate Committee erred in refusing to strike vague and irrelevant portions of the suspension order. We hold that as long as there is one charge supported by the record, there is sufficient predicate for a suspension order. State ex rel. Hardie v. Coleman, 1934, 115 Fla. 119, 155 So. 129; State ex rel. Hawkins v. McCall, 1947, 158 Fla. 655, 29 So.2d 739. Here the findings of guilt find manifest support in the record.
Plaintiff further feels that, since some committee members were absent during some of the hearings (there was always a quorum in attendance) yet they all voted, he was denied due process.
Plaintiff wishes us to treat hearings of this kind with the procedural strictness and exactitude of criminal law. But due process is not such an exact and unyielding concept. The law is clear that allegations and procedures in suspension proceedings need not be as definite and specific as in criminal prosecutions. State ex rel. Hardie v. Coleman, supra; State Plant Board v. Smith, Fla.1959, 110 So.2d 401.
The fact that absent members still voted has no bearing on the committee decision. The evidence speaks for itself and there is no evidence offered which would indicate the absent members were not completely familiar with the testimony adduced at the hearing. Reasonable familiarity and study of the transcript before making an independent decision in vote form is all that is required for due process. Actual auditory perception is not required. See Veasey v. Board of Public Instruction, Fla.App.1971, 247 So.2d 80. In addition, we note that the principles of separation of powers would also require adjustments in standards of evidence and proofs between criminal appeals, executive orders and legislative hearings.
We are next urged by plaintiff to reverse based on the decision being against the manifest weight of the evidence. After scrutinizing the record for evidentiary inadequacies requiring reversal, we can find none. At least several specific allegations find ample support in the record.
Plaintiff finally maintains that he was denied due process because the full senate did not participate in the hearings against him. We disagree. It is legislative prerogative to delegate these hearings to a committee and we have found no basis for plaintiff’s suggestion that the committee must accompany its report with all the evidence unfavorable to it to the senate.
In conclusion, due process has been defined in non-criminal situations as contemplating reasonable notice and an opportunity to appear and be heard. State ex rel. Barancik v. Gates, Fla.1961, 134 So.2d 497; Robbins v. Webb’s Cut Rate Drug Co., 1943, 153 Fla. 822, 16 So.2d 121. Due process is a relative term which must be shaped to the requirements of each class of litigation. Specifically, in removal pro *911 ceedings it means no more than notice and a trial according to the rules set up by constitution and statute. We find, these rules adequate and their application in the case at hand in substantial conformance with the requirements of law.
Since plaintiff has advanced no basis for reversal the order appealed from is affirmed.
Affirmed.
WALDEN and OWEN, JJ., and SACK, MARTIN, Associate Judge, concur.