691 So.2d 528 (1997)
Matthew P. MILLER, Appellant,
v.
Mary Karen MILLER, Appellee.
No. 97-0478.
District Court of Appeal of Florida, Fourth District.
March 27, 1997.
David A. Riggs of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, for appellant.
*529 John A. Kovarik, West Palm Beach, for appellee.
PER CURIAM.
Matthew P. Miller appeals an order entering a six-month injunction for protection against domestic violence under section 741.30, Florida Statutes, restraining and enjoining him from domestic violence against his wife, Mary Karen Miller, excluding him from their residence, and awarding the wife temporary custody of the parties' minor child, allowing the husband only limited supervised visitation, and ordering him to pay temporary child support. We reverse.
The record indicates, and the wife does not dispute, that the ex parte injunction contained notice to the husband to attend a hearing on the petition for injunction for protection. However, at that hearing the court refused the husband's attempts to offer evidence and cross-examine the wife, insisting instead that the hearing was not an evidentiary hearing but was on the wife's petition for an extension of the ex parte temporary injunction, which had been granted based on her verified petition. Again, the record does not indicate that the wife filed any petition for extension or gave the husband notice of such a petition, nor does the wife suggest that she did. Without requiring the wife to make any showing of good cause for the extension, see § 741.30(5)(c), Fla.Stat. (Supp.1996), and without stating good cause on its own motion, see Fla.Fam. L.R.P. 12.610(c)(4)(A), the court then extended the temporary injunction for a six-month period and issued what appears to be a final judgment on the petition, or a permanent injunction.
None of the elements involved in the notion of procedural due process has greater importance than the right to be heard. DSA Marine Sales & Serv., Inc. v. County of Manatee, 661 So.2d 907 (Fla. 2d DCA 1995). On no more than the wife's bare verified petition, with no opportunity to contest her allegations, the husband has been restrained from his home and his child for a six-month period. Section 741.30 does not contemplate the extension of a temporary injunction for such a period, nor the entry of a permanent injunction without a full hearing.
Accordingly, we reverse and remand for the trial court promptly to conduct a full evidentiary hearing pursuant to section 741.30(5)(c) and rule 12.610(c)(1)(B).
REVERSE and REMAND.
GUNTHER, C.J., and GLICKSTEIN and KLEIN, JJ., concur.