PER CURIAM.
We reverse the final judgment of injunction for protection against domestic violence entered in this case pursuant to section 741.30, Florida Statutes (2001), because the trial court denied appellant his constitutional right to due process of law. On remand, the trial court shall permit the parties to present evidence on the issue of entitlement to the requested injunction. See, e.g., Chanfrau v. Fernandez, 782 So.2d 521, 522 (Fla. 2d DCA 2001) (both section 741.30 and constitutional principles of due process require that the court hold a full evidentiary hearing before entering a permanent injunction against domestic violence); Utley v. Baez-Camacho, 743 So.2d 613, 614 (Fla. 5th DCA 1999) (“The purpose of a due process hearing following the grant of an ex parte temporary injunction is to give the defendant an opportunity to show that the allegations previously relied on are not true”); Lewis v. Lewis, 689 So.2d 1271, 1273 (Fla. 1st DCA 1997) (the constitution, statute and rules contemplate, at a minimum, that the parties will have a reasonable opportunity to present evidence prior to a ruling on a request for a permanent injunction against domestic violence).
REVERSED and REMANDED, with directions.
ALLEN, C.J., MINER and WEBSTER, JJ., concur.