ALTENBERND, Chief Judge.
Dennis Edward Sumner appeals, and Judith LeChance Sumner cross-appeals, a final judgment of dissolution of marriage. Because the final judgment contains errors in the equitable distribution scheme and fails to address a stipulation between the parties regarding the children’s uncovered medical expenses, we reverse those portions of the final judgment. We also reverse an order that dismissed the Wife’s request for a permanent injunction for protection against domestic violence, which was entered without permitting the Wife an opportunity to be heard on the issue. We affirm the judgment on all remaining issues.
With respect to the distribution of the parties’ property, we affirm without further comment the trial court’s determination that the St. Mark’s River property, the Franklin County beach property, and the Husband’s interests in Sumner and Jones Investment Corporation, Southern R.E.B. Corporation, and Dennis E. Sumner, Incorporated, were nonmarital assets of the Husband. See § 61.075(5)(b)l, Fla. Stat. (2000) (defining nonmarital assets as “assets acquired and liabilities incurred ... prior to the marriage, and assets acquired and liabilities incurred in exchange for such assets and liabilities”). We also *95 affirm the portion of the judgment that found that the parties’ marital home, which was acquired by the Husband prior to the marriage and remained titled solely in his name, had increased in value $187,000 during the marriage due to marital funds and labor. The trial court properly utilized this increased value when it fashioned the equitable distribution of marital assets. See § 61.075(5)(a)2 (defining marital assets to include appreciation in nonmarital property due to marital funds or labor).
Although we affirm these determinations, we must reverse the equitable distribution scheme. In making the equitable distribution, the trial court neglected to specify the distribution of, or to make specific findings regarding the value of, three items: (1) the mortgage on the marital home which the parties acquired in joint names during the marriage; (2) the value and distribution of the Wife’s retirement funds with Northern Life and American Express’s AXP Growth Fund; and (3) the First National Bank stock owned by the parties and their children. The final judgment made no mention of the mortgage on the marital home. Although the judgment provided that the Wife “should be awarded her retirement fund and any debt thereon” and that the Wife should receive 2177.50 shares of the remaining 2335 shares of First National Bank stock, it included no findings regarding the value of these assets or the rationale for the distribution.
The Wife argues that the trial court, in these omissions, intended to make an unequal distribution of marital assets based upon certain evidence presented at trial. The trial court was required to assign a value to these assets or liabilities and to distribute them equally or to make findings of fact justifying the unequal distribution. See § 61.075(1), (3), Fla. Stat. (2000); Nieboer v. Nieboer, 816 So.2d 1259, 1261 (Fla. 2d DCA 2002); Prest v. Tracy, 749 So.2d 538 (Fla. 2d DCA 2000). Without such findings, we are unable to determine the trial court’s intentions and whether the distribution was equal or unequal.
As to child support, the trial court erred by inadvertently omitting the parties’ stipulation that the Husband would be responsible for one-half of the uncovered medical, dental, and ocular expenses incurred on behalf of the minor children. The Wife argues that the trial court also erred in denying her request for retroactive child support from March to October 2000. However, the decision whether to make a child support award retroactive to the date of filing the petition is a matter within the trial court’s discretion. See Miller v. Miller, 826 So.2d 480, 482 (Fla. 1st DCA 2002). Given the Husband’s unemployment and the lack of evidence regarding the children’s needs during this time period, see Clayton v. Lloyd, 707 So.2d 407, 408 (Fla. 4th DCA 1998), we cannot conclude the trial court abused its discretion in refusing to award retroactive child support for these six months.
Finally, we reverse the order entered shortly after the final judgment that dismissed the Wife’s request for a permanent injunction for protection against domestic violence. The trial court dismissed the petition based solely upon its observations at the final hearing. Due process, however, required that the court provide the Wife an opportunity to be heard on whether the temporary injunction previously entered should have been transformed into a permanent injunction. See, e.g., Segui v. Nester, 745 So.2d 591 (Fla. 5th DCA 1999).
We reverse the order dismissing the Wife’s petition for an injunction for protection against domestic violence. We affirm the final judgment of dissolution in part, reverse in part, and remand the case for *96 further proceedings consistent with this opinion.
WHATLEY and STRINGER, JJ., Concur.