901 So.2d 352 (2005)
William POPE, III, Appellant,
v.
Kristen POPE, Appellee.
No. 1D04-4763.
District Court of Appeal of Florida, First District.
May 5, 2005.
*353 E. Jane Brehany, Pensacola, for Appellant.
Wanda J. Clapp, of Stephen S. Poché, P.A., Shalimar, for Appellee.
BROWNING, J.
William Pope, III, the husband, appeals a final judgment of injunction for protection against domestic violence. This judgment extended a temporary injunction for protection for six more months without giving the husband an opportunity to present his case in response to Kristen Pope, his wife, who petitioned for the injunction and was afforded a full opportunity to testify and to present witnesses. We reverse and remand with directions to the trial court to conduct a prompt, full evidentiary hearing in accordance with section 741.30, Florida Statutes (2004). See Wooten v. Jackson, 812 So.2d 609 (Fla. 1st DCA 2002); Miller v. Miller, 691 So.2d 528 (Fla. 4th DCA 1997).
In response to the allegations in the wife's petition, the trial court issued a September 18, 2004, temporary injunction for protection against domestic violence. Due to the lack of prior notice to the husband, the parties were ordered to appear and testify at a September 29, 2004, hearing, where the trial court would consider whether to enter a final judgment of injunction on the allegations of domestic violence upon the wife.
Both parties were represented by counsel at the September 29 hearing, at the commencement of which the wife's attorney announced the wife was seeking a permanent injunction. The trial court heard the testimony of the wife and her boyfriend[*] in support of the allegations in the petition. After the wife's counsel objected on relevance grounds to the questioning of the boyfriend on cross-examination, the trial court stated that its chief concern was the parties' young daughter. The court announced its intent to extend the temporary injunction for six more months "to see where you guys are in your divorce case." The husband's lawyer immediately informed the court that the husband had not been given an opportunity to put on his case, that his witnesses were present, and that they would present evidence to counter the allegations in the wife's petition. The court refused to allow the husband to present his case, stating "That's why I am not making it a permanent injunction." The wife was awarded temporary primary custody of the parties' child.
"Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf ..., and the denial of this right is fundamental error." Pettry v. Pettry, 706 So.2d 107, 108 (Fla. 5th DCA 1998) (citation omitted); see Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997). "None of the elements *354 involved in the notion of procedural due process has greater importance than the right to be heard." Miller, 691 So.2d at 529. In Miller, the ex parte injunction contained notice to the husband, Mr. Miller, to attend a hearing on his wife's petition for an injunction for protection against domestic violence. Like the appellant in the instant case, Mr. Miller attempted to offer evidence but was refused such an opportunity before the trial court extended the temporary injunction for six more months. The Fourth District Court reversed on the ground that "[s]ection 741.30 does not contemplate the extension of a temporary injunction for such a period, nor the entry of a permanent injunction without a full hearing." Id. The cause was remanded with directions to the trial court to conduct a full evidentiary hearing in accordance with section 741.30(5)(c) and the rules of family law. See id.
Based on the sound reasoning in Miller and the due-process requirements of section 741.30, Florida Statutes (2004), we REVERSE the final judgment of injunction for protection against domestic violence and REMAND, with instructions to the trial court to afford the parties a full evidentiary hearing.
WOLF, C.J., and DAVIS, J., concur.
NOTES
[*] Both parties filed petitions to dissolve their marriage on September 28, 2004.