PER CURIAM.
Raquel Alviar sought an injunction against Mario Sanchez for protection against domestic violence. The trial court set the matter for a hearing without entering a temporary injunction. The trial court later conducted a hearing, at which no evidence was taken, and entered an injunction prohibiting Sanchez from contacting Alviar or going within 500 feet of her residence for six months. The final judgment also gave Alviar temporary custody of all five of the parties’ minor children. Prior to the entry of the injunction, two of the children were living with Sanchez pursuant to an arrangement between the parties.
On appeal, Sanchez argues that his due process rights were violated when the trial court changed temporary custody of the children without conducting an evidentiary hearing. A trial court can provide temporary relief to an individual seeking an injunction as protection against domestic violence. However, such temporary relief is in the form of an ex parte temporary injunction based on the sworn petition and is only to be granted “pending a full hearing.” § 741.30(5)(a), Fla. Stat. (2004). In the instant case, the trial court did not grant Alviar an ex parte temporary injunction based on her petition. Instead, the court scheduled and conducted a hearing, although not a full hearing in that the trial court did not take evidence, and subsequently granted Alviar short-term relief in the form of a six-month injunction. The statute does not contemplate relief beyond an ex parte temporary injunction without a full evidentiary hearing. See Miller v. Miller, 691 So.2d 528, 529 (Fla. 4th DCA 1997); Pope v. Pope, 901 So.2d 352, 354 (Fla. 1st DCA 2005). The trial court’s six-month injunction was beyond what the statute permits to be granted without a *1264 full evidentiary hearing. Accordingly, we reverse and set aside the injunction.

Reversed.

STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.