964 So.2d 217 (2007)
Thomas I. SMITH, Appellant,
v.
Alisa SMITH, Appellee.
No. 2D06-3353.
District Court of Appeal of Florida, Second District.
August 24, 2007.
*218 Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellant.
Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
Thomas I. Smith appeals a final injunction for protection against domestic violence with minor children (after notice). He claims that his right to due process was violated when the trial court did not permit him to call his witnesses or to testify himself prior to entering the permanent injunction. We agree that the trial court erred when it denied Mr. Smith his fundamental right to be heard. Accordingly, we reverse and vacate the order of the trial court.
Alisa Smith, Mr. Smith's wife, sought the injunction. Florida Family Law Rule of Procedure 12.610(c)(4)(A) and section 741.30, Florida Statutes (2006), require that a full evidentiary hearing be held after the entry of an ex parte temporary injunction. In the instant case, the trial court permitted a forty-five minute return hearing on June 6, 2006, at which only Ms. Smith presented testimony and evidence. Mr. Smith's witnesses were present and ready to testify. The court continued the hearing until June 15, 2006.
At this second hearing, Mr. Smith's witnesses were again present, but again, only Ms. Smith was permitted to testify and to call witnesses. In the middle of cross-examination of the wife, the judge abruptly ended the proceedings and entered the final injunction. The court ordered no contact between the parties, granted exclusive use of the marital home to Ms. Smith, and worked out the details of the visitation schedule of the two minor children. Although Mr. Smith answered a few questions about visitation posed by the court, his statements were not sworn testimony. The permanent injunction exposed Mr. Smith to possible indirect criminal contempt or direct criminal charges and to punishment if any charges were proven. It also barred Mr. Smith from having care, custody, possession, or control of any firearms or ammunition.
Ms. Smith contends that trial courts have broad authority to control their courtrooms and their dockets and that Mr. Smith's trial strategy wasted his allocation of time. She argues the doctrine of invited error precludes Mr. Smith from raising his due process claim as grounds for reversal. She also suggests that Mr. Smith's expert witnesses were not relevant to the proceedings. We are unable to draw any inferences regarding Mr. Smith's trial strategy because he was not afforded an opportunity to present his case. While courts have broad authority to control their dockets, trial judges must use this authority to "manage their courtrooms so that the people's business may be conducted fairly, efficiently, and expeditiously." McCrae v. State, 908 So.2d 1095, *219 1096 (Fla. 1st DCA 2005). The trial court has a duty to control the proceedings, ensuring that both sides have a fair share of the court's time. Because the trial court denied Mr. Smith the opportunity to call witnesses or to testify in his own behalf, we find it abused its discretion. In doing so, Mr. Smith was denied his fundamental constitutional right to procedural due process.
Both the Florida Family Law Rules of Procedure and the Florida statutes mandate that a party to a domestic injunction proceeding will receive a full evidentiary hearing. Neither suggests the circumstances of the instant case  that a court only permit one party an opportunity to present its side. "`It is fundamental that the constitutional guarantee of due process, which extends into every proceeding, requires that] the opportunity to be heard be full and fair, not merely colorable or illusive.'" Edelman v. Breed, 836 So.2d 1092, 1094 (Fla. 5th DCA 2003) (quoting Pelle v. Diners Club, 287 So.2d 737, 738 (Fla. 3d DCA 1974)). Due process requires an opportunity to be heard. Sumner v. Sumner, 862 So.2d 93, 95 (Fla. 2d DCA 2003). The right is one afforded to both parties, and here such an opportunity was due Mr. Smith. "`None of the elements involved in the notion of procedural due process has greater importance than the right to be heard.'" Pope v. Pope, 901 So.2d 352, 353 (Fla. 1st DCA 2005) (quoting Miller v. Miller, 691 So.2d 528, 529 (Fla. 4th DCA 1997)); Samanka v. Brookhouser, 899 So.2d 1190, 1191 (Fla. 2d DCA 2005) (finding daughter's due process rights were violated when injunction was modified without a hearing); see also Adili v. Adili, 913 So.2d 1240, 1241 (Fla. 4th DCA 2005) (reversing an injunction for protection against domestic violence due to the trial court's failure to allow the husband to present witnesses or evidence). Here, Mr. Smith was denied his right to be heard before the trial court entered its judgment. Because the trial court erred in denying Mr. Smith due process, we reverse and vacate the order of June 15, 2006.
We conclude that a remand for further proceedings is unnecessary because the term of the injunction expired June 15, 2007.
FULMER and CANADY, JJ., Concur.