KHOUZAM, Judge.
Rebecca Henderson, the Former Wife, timely appeals the circuit court’s order awarding fees to Kathy Leggett, the Parenting Coordinator. Because the trial court erred in failing to allow the Former Wife to complete cross-examination or present witnesses at the evidentiary hearing, we reverse and remand for a full evidentiary hearing on the amount of fees. As to the remaining issues, we affirm without comment.
The final judgment of dissolution of Stephen Lyons and Rebecca Henderson’s marriage was entered on May 17, 2007. The couple had two minor children. Two years after dissolution, on June 30, 2009, the parties stipulated to the appointment of a parenting coordinator to assist in the preparation and development of a parenting plan and time-sharing schedule. The parties requested Leggett be appointed as parenting coordinator, and the court entered an order appointing her. The parties signed a service agreement stating how Leggett’s fees would be calculated and providing that they would share the expense. The agreement also provided that one parent could be required, at the parenting coordinator’s discretion, to pay a disproportionate share of the fees under certain circumstances — for example, if that parent took an unreasonable position or a position inconsistent with the children’s best interests.
On March 31, 2010, the Former Wife filed a motion for termination of the order appointing parenting coordinator, alleging that Leggett was not properly carrying out her duties. Shortly thereafter, Leggett filed a motion to withdraw, claiming that the Former Wife had refused to participate in the parenting coordination process. Leggett attached the order appointing parenting coordinator and the signed agreement for services to her motion. The court granted Leggett’s motion, noting that she was entitled to reasonable compensation for her services. Leggett then filed a motion to tax parenting coordinator fees, requesting that the Former Wife be required to pay a disproportionate amount of the fees owed.
An evidentiary hearing was held on February 2, 2011. The court reiterated that Leggett was entitled to fees based on the parties’ agreement and allowed Leggett to testify on the question of the amount of fees. But before the Former Wife’s attorney finished cross-examining Leggett, the court ended the hearing, stating that the time for the hearing had expired and that additional information was not needed. The Former Wife was not given an opportunity to present her own evidence. On March 11, 2011, the court entered a written order granting Leggett’s motion and awarding fees in the amount Leggett requested. The Former Wife timely appealed.
We review the question of whether a party was denied the opportunity to be heard for an abuse of discretion. See Smith v. Smith, 964 So.2d 217, 218-19 (Fla. 2d DCA 2007). “ ‘It is fundamental that the constitutional guarantee of due *401 process, which extends into every proceeding, requires th[at] the opportunity to be heard be full and fair, not merely colorable or illusive.’ ” Id. at 219 (quoting Edelman v. Breed, 836 So.2d 1092, 1094 (Fla. 5th DCA 2003)). “When a court fails to give one party the opportunity to present witnesses or testify on his or her own behalf, the court has violated that party’s fundamental right to procedural due process.” Douglas v. Johnson, 65 So.3d 605, 607 (Fla. 2d DCA 2011). Here, the Former Wife’s right to procedural due process was violated when the trial court denied her an opportunity to present witnesses or other evidence at the hearing. This was an abuse of the court’s discretion. Accordingly, we reverse and remand for a full evi-dentiary hearing on the question of the amount of fees.
Affirmed in part; reversed and remanded in part.
NORTHCUTT and BLACK, JJ., Concur.