CRENSHAW, Judge.
David D. Lee appeals an order permanently extending an injunction for protection against domestic violence entered against him for Lynette J. Lee. Because the trial court applied an incorrect legal standard and failed to conduct an eviden-tiary hearing on Ms. Lee’s motion to extend the injunction, we reverse and remand for an evidentiary hearing.
In October 2010, Ms. Lee filed a motion for extension of an injunction against Mr. Lee for protection against domestic violence. At that time, an ex parte order was entered extending the injunction on a temporary basis. A hearing was then held on the motion for extension and despite Mr. Lee’s opposition to the motion, the trial court entered an order permanently extending the injunction without hearing any evidence. Instead, the trial court reasoned that the injunction “met the requirement for it to be entered originally,” and “Ms. Lee feels that she continues to need it.”
Under section 741.30(1)(a), Florida Statutes (2010), any person “who is either a victim of domestic violence ... or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence,” may file a petition for an injunction for protection against domestic violence. However,
[w]hen moving for an extension of a preexisting injunction, the petitioner must establish either that additional domestic violence has occurred or that, at the time the petition for extension is filed, he or she has a continuing reasonable fear of being in imminent danger of becoming the victim of domestic violence.
*518 Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001). Here the trial court failed to hear any evidence or make any findings that additional domestic violence had occurred or that Ms. Lee had a “continuing reasonable fear of being in imminent danger of becoming the victim of domestic violence.” Nor did the trial court afford Mr. Lee an opportunity to be heard in opposition to the motion to extend the injunction. Accordingly, we reverse the permanent injunction and remand for an evidentiary hearing. See Pope v. Pope, 901 So.2d 352, 354 (Fla. 1st DCA 2005) (noting the due process requirements of section 741.30 and remanding for an evidentiary hearing where the trial court extended a temporary injunction without giving the respondent an opportunity to present his case).
Reversed and remanded for further proceedings.
WHATLEY and MORRIS, JJ., Concur.