LEVINE, J.
The husband appeals a non-final order requiring him to repay alleged marital funds he removed from certain bank accounts and granting an injunction temporarily freezing those accounts. Because the court concluded the evidentiary hearing and issued the order without allowing the husband to present evidence, the trial court violated the husband’s due process rights. We therefore reverse the temporary injunction issued by the trial court.
Colleen Kilnapp, the wife, filed a motion alleging that Jeffrey Kilnapp, the husband, unilaterally removed over $3.5 million dollars in marital funds from certain accounts. The trial court set a three-hour evidentiary hearing on the wife’s motion. At the hearing, the wife called the husband as her first witness. The trial court was aware that the husband intended to call both his wife and a forensic certified public accountant as witnesses in his case, and both witnesses were sworn in.
The husband testified to unilaterally moving funds from accounts where the wife was either a joint owner or accounts titled solely in the husband’s name where the wife was a signatory. The husband *1053 said that he used the funds to pay off liabilities. He further stated that he moved the funds because his wife was removing funds from the accounts, which prevented him from making payroll for his business.
During cross and direct examination of the husband by his own counsel, the husband’s counsel introduced a prenuptial agreement between the husband and wife. The agreement summarily stated that both parties would keep their own respective real and personal property along with any interest or increase in value. The husband also testified as to multiple governmental investigations and audits of his business regarding unpaid overtime for employees. The husband hypothesized that if the funds were frozen, then he would likely have to close his business and file for bankruptcy.
When the husband started to assert that the wife had “unclean hands,” the trial court stated:
Well, I’d rather not, too. But you’re going to get up and then you’re going to attack the Pre-Nuptial Agreement and yada, yada, yada, back and forth, and what this is really is trying to enjoin some funds that were transferred, whether rightfully or wrongfully, and we’re going to go all over the place, and at 5 o’clock, I turn into a pumpkin, you guys.
The hearing continued with following testimony:
[HUSBAND’S COUNSEL]: After the injunction hearing took place, what did your wife do within an hour of the hearing that day?
[HUSBAND]: She went to the house and emptied it out, rifled my safe, stole all my jewelry, took my stereo, all my personal things.
THE COURT: I’m going to happy hour. I’m tired of this crap. I warned him about five times.
[HUSBAND]: But he asked me the question.
THE COURT: I’m done. Get out of here.
[HUSBAND]: What happened?
(Whereupon, at 2:30 p.m., the foregoing hearing was adjourned.)
At that point, only about an hour of the time allocated for the hearing had elapsed. The husband’s attorney had not finished examining the husband, and the husband had not presented testimony from the wife or his forensic accountant.
Approximately one week later, the trial court entered an order requiring the husband to repay $50,000, $93,005, and $3,138,201 to three separate Bank of America accounts. The husband appeals this order, as well as the successor trial judge’s denial of the husband’s motion for reconsideration.[1]
“We review the question of whether a party was denied the opportunity to be heard for an abuse of discretion.” Henderson v. Lyons, 93 So.3d 399, 400 (Fla. 2d DCA 2012). “The denial of due process rights, including the opportunity to be heard, to testify, and to present evidence, is fundamental error.” Weiser v. Weiser, 132 So.3d 309, 311 (Fla. 4th DCA 2014).
Essential to the concept of procedural due process is the opportunity to be heard. Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991); see also Sheffey v. Futch, 250 So.2d 907, 910 *1054 (Fla. 4th DCA 1971) (“[D]ue process has been defined in non-criminal situations as contemplating reasonable notice and an opportunity to appear and be heard”). “While courts have broad authority to control their dockets, trial judges must use this authority to ‘manage their courtrooms so that the people’s business may be conducted fairly, efficiently, and expeditiously.’ ” Smith v. Smith, 964 So.2d 217, 218 (Fla. 2d DCA 2007) (quoting McCrae v. State, 908 So.2d 1095, 1096 (Fla. 1st DCA 2005)). Moreover, “[t]he trial court has a duty to control the proceedings, ensuring that both sides have a fair share of the court’s time.” Id. at 219.
In the present case, the trial court cut off the hearing after about an hour despite the three-hour time allotment. The trial court only heard from the wife’s witness, that being the husband, who the wife’s counsel examined on direct. When the trial court ended the hearing, the husband’s counsel was still in the middle of examining the husband. The trial court ended the hearing before the husband had the opportunity to .call the wife or his forensic certified public accountant, who had already been sworn in by the court to testify.
The trial court erred when it denied the husband his basic and fundamental right to due process, specifically the right to be heard. See Douglas v. Johnson, 65 So.3d 605, 607 (Fla. 2d DCA 2011) (“When a court fails to give one party the opportunity to present witnesses or testify on his or her own behalf, the court has violated that party’s fundamental right to procedural due process.”); see also Adili v. Adili 913 So.2d 1240, 1240-41 (Fla. 4th DCA 2005) (reversing an injunction for protection against domestic violence where the court heard only from the wife and her witnesses and ruled in the wife’s favor before allowing the husband to present any witnesses or evidence); Pope v. Pope, 901 So.2d 352, 353 (Fla. 1st DCA 2005) (same); Miller v. Miller, 691 So.2d 528, 529 (Fla. 4th DCA 1997) (same).
In summary, we find that the trial court abused its discretion, and we reverse and remand for a new hearing consistent with this opinion.

Reversed and remanded.

WARNER, J., and TUTER, JACK, Associate Judge, concur.

. The husband filed a timely motion to disqualify or recuse the trial judge, which the trial judge granted.