NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| BRUCE ALAN WYANDT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-2778 |
| | ) | |
| LISA ANN VOCCIO, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed October 15, 2014.

Appeal from the Circuit Court for Pinellas
County; Amy M. Williams, Judge.

Ron Smith, Largo, for Appellant.

John H. Trevena, Largo, for Appellee.


LaROSE, Judge.


Bruce Alan Wyandt appeals an order granting Lisa Ann Voccio's petition

for injunction for protection against stalking violence. See §§ 784.046(1)(a),(b),

784.048-.0485, Fla. Stat. (2012).[1] No competent, substantial evidence supports the trial

court's finding that Ms. Voccio established the requisite two incidents of stalking

required for injunctive relief. See § 784.046(1)(b). Accordingly, we reverse.

---

[1]We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(B).

Mr. Wyandt and Ms. Voccio each operated a business in the same small shopping center in Pinellas Park. Suffice it to say, they did not get along. Their animosity toward one another required intervention by the property manager and the sheriff's office. Although the businesses were located at opposite ends of the shopping center, limited customer parking boiled the bad blood between the parties.

On one occasion, a group of people in the parking lot verbally harassed Ms. Voccio as she walked to her car. Mr. Wyandt was in the group; there is no evidence, however, that he volleyed verbal abuse toward Ms. Voccio. The next day, Mr. Wyandt went to Ms. Voccio's business, ostensibly to complain about her customers using his parking spaces. They argued vehemently both in and outside the business. There seems to be no question but that Mr. Wyandt directed obscenities at Ms. Voccio. As he left the business, Mr. Wyandt allegedly stated that Ms. Voccio "would no longer be around."[2]

After what appears to be a truncated hearing, the trial court granted a six-month injunction in favor of Ms. Voccio that barred Mr. Wyandt from having contact with her.[3] During the hearing, Mr. Wyandt requested additional time for cross-examination and to elicit testimony explaining his comment as to why Ms. Voccio "would no longer be around." The trial court denied his requests and issued the injunction, concluding

_____

[2]We understand that Ms. Voccio did not continue her lease and, in fact, no longer is a tenant in the shopping center.

[3]During the pendency of this appeal, the injunction expired. However, Ms. Voccio filed an affidavit in support of a violation of the injunction. A successor trial judge requested the state attorney to investigate potential criminal charges or criminal contempt. See § 784.0487. The case before us is not moot because collateral legal consequences remain that affect Mr. Wyandt's rights. See Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992).

that the actions and the language directed at Ms. Voccio were intimidating, disgusting, and threatening.[4]

Section 784.0485, which governs the procedure for the issuance of stalking injunctions, became effective on October 1, 2012. See Touhey v. Seda, 133 So. 3d 1203, 1203 n.1 (Fla. 2d DCA 2014) (citing ch. 2012-153, §§ 3, 6, at 2035, 2039, Laws of Fla. (2012)). We analyze the statute with guidance from section 784.046, which defines repeat violence as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." See § 784.046(1)(b); Seda, 133 So. 3d at 1203 & n.2. The petitioner must prove each stalking incident by competent, substantial evidence to support an injunction against stalking. Seda, 133 So. 3d at 1204.

Ms. Voccio alleged two incidents of stalking. As mentioned earlier, the first occurred on April 18, 2013, when she left her business and a group of people in the parking lot yelled vulgarities at her as she walked to her car. Ms. Voccio candidly admitted, however, that she could not attribute any comments to Mr. Wyandt. The next day, on April 19, Mr. Wyandt entered Ms. Voccio's business. He ranted about parking spaces, made forceful gestures, cursed, and acted in a manner which Ms. Voccio found threatening. Although Mr. Wyandt's conduct was boorish, we need not determine

---

[4]Apparently, because of its busy docket, the trial court was anxious to conclude the hearing. We acknowledge a trial court's broad authority to control its docket. We must also recognize that Mr. Wyandt was entitled to a fair opportunity to be heard. See Smith v. Smith, 964 So. 2d 217, 218-19 (Fla. 2d DCA 2007). A trial court can abuse its discretion by unreasonably denying a party the opportunity to call witnesses or to testify on his or her own behalf. Id. at 219. Because Mr. Wyandt did not preserve his due process arguments below or specifically brief them on appeal, we do not reach these issues as possible fundamental error.

- 3 -

whether it constituted an incident of stalking. Ms. Voccio did not establish two incidents of stalking. Our record does not allow us to attribute the April 18 incident to Mr. Wyandt.

There was insufficient evidence that Mr. Wyandt stalked Ms. Voccio. Accordingly, we reverse the injunction for protection against stalking violence and remand to the trial court with instructions to dismiss Ms. Voccio's petition.

Reversed and remanded.

ALTENBERND and SILBERMAN, JJ., Concur.