IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NICKESHA REID,

      Appellant,

v.

TACHITA SAUNDERS,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4732

_____/

Opinion filed December 19, 2017.

An appeal from the Circuit Court for Duval County.
Henry E. Davis, Judge.

Nickesha Reid, pro se, Appellant.

Tachita Saunders, pro se, Appellee.

PER CURIAM.

      Appellant, Nickesha Reid, appeals a permanent injunction for protection

against stalking that was entered against her.  Appellant argues, and we agree, that

the injunction is not supported by competent, substantial evidence and must be reversed. See § 784.048(2), Fla. Stat. (2016) (providing that stalking occurs when someone "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person"); Touhey v. Seda, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014) (noting that incidents of stalking must be proven by competent, substantial evidence). While Appellee, Tachita Saunders, claimed to have documentation of numerous phone calls, emails, and texts made and sent by Appellant, the record contains no such documentation, and the hearing transcript provides no indication that Appellee provided any documentation to the trial court. See Murphy v. Reynolds, 55 So. 3d 716, 716-17 (Fla. 1st DCA 2011) (noting that the appellee set out to prove cyberstalking as grounds for the injunction by alleging that the appellant sent her an offensive email, hacked into her email accounts, deleted all of her emails, and changed her email signature block to include disparaging remarks, "[b]ut [the appellee] did not introduce evidence that linked [the appellant] to the cyberstalking incidents"). Without knowing what the alleged communications were, it was not possible for the trial court to determine whether Appellant engaged in stalking or whether the communications would have created substantial emotional distress under a reasonable person standard. See McMath v. Biernacki, 776 So. 2d 1039, 1040 (Fla. 1st DCA 2001) (noting that courts must use a reasonable person standard rather than a subjective standard in determining whether incidents create substantial

2

emotional distress); see also Roach v. Brower, 180 So. 3d 1142, 1144 (Fla. 2d DCA 2015) (noting that "without competent, substantial evidence that Ms. Brower, the petitioner, suffered substantial emotional distress, the circuit court could not enter an injunction against [the appellant] based upon the stalking statute").

Accordingly, the injunction is REVERSED.

LEWIS, OSTERHAUS, and BILBREY, JJ., CONCUR.