# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1562
_____

NICKESHA REID,

Appellant,

v.

TACHITA SAUNDERS,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Donald R. Moran, Judge.

September 25, 2019

KELSEY, J.

Ms. Saunders's husband fathered a child with Ms. Reid. He stayed married, and financially supported that child. But the two women cannot get along. Ms. Saunders previously obtained a stalking injunction against Ms. Reid that we vacated on appeal in 2017. *Reid v. Saunders*, 230 So. 3d 1288 (Fla. 1st DCA 2017).

In 2018, Ms. Saunders obtained a new permanent stalking injunction against Ms. Reid. The evidence for this new injunction included e-mails from 2005 and 2009, and a text message from 2016 sent from Ms. Reid to Ms. Saunders's husband concerning child support; as well as a few incidents when Ms. Saunders saw Ms. Reid at or near Ms. Saunders's home and neighborhood. In addition, Ms. Saunders's husband testified to incidents involving

phone calls from Ms. Reid, her driving past Ms. Saunders's house, and her contacting Ms. Saunders's workplace.

Ms. Reid argues that the evidence was insufficient to support a stalking injunction and failed to establish a well-founded fear. The tone of Ms. Reid's ongoing communications was unpleasant and uncivil, and likely had a negative effect on Ms. Saunders and her husband. However, under the pertinent statutes and case law, Ms. Reid's distasteful actions and communications do not rise to the level required to support a permanent injunction against stalking. We reverse it.

The pertinent statutes require that the evidence in support of a stalking injunction be sufficient to produce *substantial* emotional distress in a reasonable person. *See* §§ 784.0485(2), Fla. Stat. (defining stalking); 784.048(1)(a) (defining harassment as causing "substantial emotional distress" and "serv[ing] no legitimate purpose"); 784.048(1)(d) (defining cyberstalking as requiring that it cause "substantial emotional distress" and "serving no legitimate purpose"). We have rejected as legally insufficient evidence similar to that presented here. *E.g., Mitchell v. Brogden*, 249 So. 3d 781, 782 (Fla. 1st DCA 2018) (listing illustrative cases).

Much of the evidence adduced in support of this new injunction was the foundation of the earlier injunction, and we rejected it as insufficient. It still is. At this point it is also stale, and cannot reasonably form the basis of a claim of present substantial emotional distress. The newer evidence is of the same character, and remains insufficient. Communications about child support, although worded harshly, serve an underlying legitimate purpose and do not support the injunction. *See Alter v. Paquette*, 98 So. 3d 218, 220 (Fla. 2d DCA 2012) (holding text messages about repayment of a loan cannot be said to serve no legitimate purpose). Overall, the evidence fails to establish that a reasonable person would suffer substantial emotional distress from Ms. Reid's words and actions. But, because this situation continues to require the courts to expend limited public resources, we find it appropriate to echo another court's recommendation that parties in this kind of situation should strive to improve their behavior and their relationships through counseling and obtain legal counsel if necessary. *See Richards v. Gonzalez*, 178 So. 3d 451, 454 (Fla. 3d

DCA 2015) ("If some form of consensual mediation or counselling is unavailing and future petitions eventuate, the parties might consider seeking legal assistance, paid or pro bono, to focus their legal theories and presentation of evidence.").

REVERSED.

ROBERTS and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Nickesha Reid, pro se, Appellant.

Tachita Saunders, pro se, Appellee.