DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILBERT B. PINO, JR., M.D.,**
Appellant,

v.

**MARIA GRACIELA PINO,**
Appellee.

No. 4D2022-3258

[March 6, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Shull, Judge; L.T. Case No. 502005DR010973.

Alan D. Henderson of Henderson Law, P.A., St. Augustine, for appellant.

Grace Mackey Streicher and Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, and Cindy Crawford of The Law Office of Cindy A. Crawford, PLLC, Palm Beach Gardens, for appellee.

FORST, J.

Appellant Wilbert B. Pino, Jr., M.D., ("Former Husband") timely appeals the trial court's order granting appellee Maria Graciela Pino's ("Former Wife") motion for commitment. The order found Former Husband guilty of indirect civil contempt and struck Former Husband's supplemental petition to modify or terminate alimony as a sanction under Florida Family Law Rule of Procedure 12.380(b)(2). However, in granting Former Wife's motions, the trial court abused its discretion when it held a hearing on the motion and failed to give Former Husband the same opportunity to present evidence as Former Wife. Thus, we reverse the trial court's grant of Former Wife's motion and remand to continue the hearing.

## Background

The parties' marriage was dissolved in 2005, and the parties entered a settlement agreement requiring Former Husband to pay alimony. In 2019, Former Wife moved for contempt and enforcement, alleging that Former Husband stopped making his alimony payments. She began seeking

financial discovery. Former Husband began to produce documents in response to discovery, but Former Wife was unsatisfied with his production of documents related to Former Husband's retirement accounts, so she filed several motions to compel production.

Former Wife's motions resulted in several contempt orders. When these contempt orders were not complied with, the parties entered an agreed order finding Former Husband in contempt and stating that Former Husband was required to take all action to provide the documents which Former Wife had requested. Former Husband provided some discovery documents, but Former Wife claimed his response was inadequate and moved to have Former Husband "committed" (i.e., taken into custody until such time as Former Husband complied with the court's discovery orders).

Around this time, Former Husband filed a petition to modify or terminate his alimony payments. However, Former Wife moved to strike and/or dismiss the petition on the basis that Former Husband had failed to comply with the trial court's discovery order.

Eventually, the trial court held a hearing on Former Wife's motion for commitment and her motion to strike and/or dismiss Former Husband's petition as a sanction. Former Wife's position was that Former Husband had failed to provide all the requested documents and that he had not exercised all efforts to obtain the documents.

Former Wife was the only witness to testify at the hearing. She explained that Former Husband had failed to provide the required documents. At several points during direct examination, Former Husband's counsel objected to a lack of personal knowledge, but the trial court overruled all of these exceptions, explaining at one point that Former Husband could attack Former Wife's lack of personal knowledge on cross-examination.

Former Husband began to cross-examine Former Wife. Before he had concluded, the trial court ended the hearing, due to the trial court having another hearing scheduled to begin. Former Husband argued that a full evidentiary hearing was needed and requested additional time to complete the hearing. The trial court asked Former Husband if he could finish his case in writing, and Former Husband agreed.

After the hearing, Former Husband filed his response to the trial court's request for written argument. Former Husband argued that he was not afforded adequate time to present his case at the hearing because he did not complete cross-examination and he did not get the chance to testify.

2

His response also maintained that he had produced all the required discovery documents, and to that point, Former Husband attached over 700 pages of exhibits consisting of demonstrative aids and various letters and emails sent to retirement companies, among other documents. He also provided the trial court over 7,800 pages of documents which he allegedly had produced in discovery.

The trial court did not continue the hearing, and instead granted Former Wife's motion for commitment ("Former Husband shall be taken into custody and confined in the Palm Beach County Jail unless he purges himself of his contempt") and struck Former Husband's petition. Former Husband then moved for rehearing, arguing that his due process rights were violated because he was not afforded adequate time to present his case. This timely appeal follows.

## Analysis

Former Husband argues that the trial court erred when it failed to allow him to present evidence and testimony, violating his right to be heard.[1]

We review whether a party was denied the opportunity to be heard for an abuse of discretion. *Kilnapp v. Kilnapp*, 140 So. 3d 1051, 1053 (Fla. 4th DCA 2014). However, "[w]hether a trial court has complied with the guarantees of due process is reviewed de novo." *Ackerman v. HMC Assets, LLC*, 338 So. 3d 295, 296 (Fla. 4th DCA 2022).

It is well-settled that "[a] party to be sanctioned for discovery violations must first be given notice and an opportunity to be heard and offer mitigating or extenuating evidence as to why discovery did not take place." *Wildwood Props., Inc. v. Archer of Vero Beach, Inc.*, 621 So. 2d 691, 692 (Fla. 4th DCA 1993); *see Huerta v. Grajales*, 357 So. 3d 153, 155 (Fla. 4th DCA 2023). "The trial court has a duty to control the proceedings, ensuring that both sides have a fair share of the court's time." *Smith v. Smith*, 964 So. 2d 217, 219 (Fla. 2d DCA 2007). And both sides must be given adequate time to present their case. *Julia v. Julia*, 146 So. 3d 516, 520–21 (Fla. 4th DCA 2014); *Pettry v. Pettry*, 706 So. 2d 107, 108 (Fla. 5th DCA 1998).

While the complete denial of the right to be heard is a due process violation, the trial court does have discretion in how it gives a party the

---

[1] Because we agree with Former Husband that the trial court abused its discretion when it did not allow him to present evidence or testimony, we need not address the merits of Former Husband's remaining arguments.

opportunity to be heard. *Garcia-Mathies Interiors, Inc. v. Peré*, 259 So. 3d 213, 215–16 & n.1 (Fla. 3d DCA 2018)*; see also Wyandt v. Voccio*, 148 So. 3d 543, 544 n.4 (Fla. 2d DCA 2014) ("A trial court can abuse its discretion by unreasonably denying a party the opportunity to call witnesses or to testify on his or her own behalf.").

Here, the trial court abused its discretion when it did not provide Former Husband with the same opportunity to be heard as Former Wife. The trial court allowed only Former Wife to testify before ending the hearing. And during the hearing, the trial court overruled several objections to Former Wife's lack of personal knowledge, explicitly stating once that Former Husband could address Former Wife's personal knowledge on cross-examination. But when the court ended the hearing, Former Husband had not finished his cross-examination. While Former Husband initially agreed with the trial court that the case could be concluded in writing, Former Husband requested in his post-hearing submission—before the trial court ruled on Former Wife's motion—that he be given a chance to present his case at a continuation of the hearing. Because Former Wife was given an opportunity to speak and present her testimony at a hearing, Former Husband should have been given that same opportunity. *See Douglas v. Douglas*, 363 So. 3d 157, 161 (Fla. 4th DCA 2023); *Kilnapp*, 140 So. 3d at 1054 ("When a court fails to give one party the opportunity to present witnesses or testify on his or her own behalf, the court has violated that party's fundamental right to procedural due process." (quoting *Douglas v. Johnson*, 65 So. 3d 605, 607 (Fla. 2d DCA 2011))).

We make no comment on the persuasiveness of Former Husband's evidence. *See, e.g., Pettry*, 706 So. 2d at 108 ("Perhaps the additional witnesses would not have impressed the court, but the husband had the right to present them and to argue his case at the conclusion of all the testimony."); *Julia*, 146 So. 3d at 521 ("Even if the trial court believed that recalling the witnesses would not make any further impression on the court, it was still required to allow the Wife to present her case fully, including argument at the conclusion of the evidence.").[2]

---

[2] We express no opinion on whether Former Husband is required to provide historical documents from any specific retirement accounts based on an agreed order between the parties. However, we note that without a transcript of a hearing, we will not accept assertions of what happened during a proceeding based solely on representations made in the parties' briefs. *See* Fla. R. App. P. 9.200(b)(5) (outlining proper procedure to prepare a statement of evidence or proceedings where a transcript is unavailable).

However, we note our dissatisfaction with how Former Husband has presented his evidence both to this Court and the trial court. We have admonished that "[i]t is not the responsibility of the Court to dig through the record to locate the basis for a party's argument." *Mech v. Brazilian Waxing By Sisters, Inc.*, 349 So. 3d 453, 454 n.1 (Fla. 4th DCA 2022) (citing *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983)). Former Husband is on notice that he should not again send the trial court "an unorganized package of [thousands] of pages of documents" to prove he complied with his discovery obligations. *See Reaction Rehab, LLC v. Fletcher*, 48 Fla. L. Weekly D1746 (Fla. 3d DCA Aug. 30, 2023).

## Conclusion

We once again "recognize the difficulty of balancing the desire of parties to 'have their day in court' with the necessity of the courts to keep to a schedule and accommodate the similar desire of other parties." *Julia*, 146 So. 3d at 522. However, because the trial court here gave Former Wife the opportunity to present testimony at the hearing and Former Husband requested the same opportunity, the trial court abused its discretion in failing to allow Former Husband to present testimony and evidence at the hearing (or a continuation of the hearing). We therefore reverse the trial court's order finding Former Husband in contempt and striking his petition for modification and remand for the trial court to continue the hearing.

*Reversed and remanded for further proceedings.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5