STEVENSON, Judge.
H.K., a fifteen year old high school student, filed a petition for injunction against repeat violence seeking protection from a seventeen year old classmate who had physically attacked her on school grounds. The trial court dismissed the petition, stating that “chapter 39 of the Florida Statutes preempts Florida Statute 784.046 with regard to juvenile respondents” and that the circuit court “does not have jurisdiction to impose and enforce a repeat violence injunction against a juvenile.” Because we conclude that the civil provisions of section 784.046, Florida Statutes, apply to adult and juvenile respondents alike, we grant H.K’s petition for mandamus and direct the trial court to consider H.K’s petition for injunction against repeat violence on its merits.
We find no support for the trial court’s conclusion that chapter 39 “pre-empts” sec *893 tion 784.046 with regard to juvenile respondents. All proceedings in which a juvenile is charged with the commission of a delinquent act or violation of law must proceed under the general provisions of chapter 39. The unique procedures applicable to juveniles as outlined in chapter 39 must be followed unless the state takes certain steps to transfer the juvenile into the adult criminal system or the child and his parent(s) demand trial as an adult pursuant to sections 39.052(2) & (3). Wholly independent of chapter 39, section 784.046 creates a civil cause of action for a protective injunction in cases of repeat violence. The statute permits alleged victims of violence to obtain a protective injunction to prevent farther acts of violence upon proof of two incidents of violence by the named respondent, one of which has occurred within the preceding six months.
Chapter 39 does not address civil actions which involve juvenile parties. Section 784.046 expressly creates a cause of action which is civil in nature. While it is true that section 784.048 is technically a part of chapter 784, which includes statutes relating to the subject of crime, the injunctive remedy provided by this section is not penal. Indeed, the Florida Supreme Court has recently provided that proceedings for injunction pursuant to this section are governed by the new Family Law Rules, not the Rules of Juvenile nor Criminal Procedure. Adoption of Family Law Rules of Procedure, 663 So.2d 1047 (Fla. 1995) (effective January 1, 1996).
Further, we find that there is nothing in the context of section 784.046 nor chapter 39 that would preclude the application of the civil remedies in section 784.046 to juveniles.[1] Section 784.046 does not expressly limit its application to adult victims and respondents. Violence is defined as “any assault, battery, or sexual battery by a person against any other person.” § 784.046(l)(a), Fla.Stat. (1993). The term “person” is elsewhere defined in the Florida Statutes to include all individuals and children as well. § 1.01, Fla.Stat. (1993). Lastly, section 784.046(2)(b), Florida Statutes (1993), provides that a cause of action for an injunction against repeat violence may be sought “whether or not any other petition, complaint or cause of action is currently available or pending between the parties.”
Finally, the trial court erred in concluding that the circuit court did not have “jurisdiction” to impose a protective injunction against a juvenile. Prior to 1972, there was indeed a separate juvenile court which had exclusive jurisdiction over juvenile cases. But the Florida Constitution was amended that year to make the former juvenile courts part of the circuit court. State v. Robinson, 336 So.2d 437, 439 (Fla. 2d DCA 1976), cert. denied, 341 So.2d 1085 (Fla.1977). Since then, all circuit court judges have jurisdiction over matters involving juveniles, even though the circuit court may assign some of its judges to a separate “juvenile division.” In re: Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978). It was therefore error for the trial court to dismiss the petition in this case, even if the court had been correct in concluding that it had been filed in the wrong administrative division of the court.
We make no determination as to the sufficiency of the petitioner’s allegations in the instant case. We merely hold that the civil remedies against repeat violence provided in section 784.046 are equally available to a victim whether or not the alleged perpetrator is a juvenile or an adult. Since the petition seeks a civil remedy, rather than an adjudication of delinquency, it is within the general civil jurisdiction of the circuit court. Of course, the chief judge of each circuit may decide, for administrative and other practical purposes, to have these types of cases assigned to the juvenile division of court.
Accordingly, the petition for mandamus is granted and the trial court is directed to consider the petition on the merits.
GLICKSTEIN and KLEIN, JJ., concur.

. We note that section 39.0445, Florida Statutes (1993) specifically addresses juvenile domestic violence offenders and may pre-empt some of the general provisions of section 741.30, Florida Statutes (1993) (relating to the issuance of injunctions for domestic violence) as they pertain to juvenile respondents.