743 So.2d 613 (1999)
Edward James UTLEY, Appellant,
v.
Angel BAEZ-CAMACHO, Appellee.
No. 99-587.
District Court of Appeal of Florida, Fifth District.
October 15, 1999.
Benjamin T. Shuman and Terry A. Brooks, Orlando, for Appellant.
No Appearance for Appellee.
HARRIS, J.
We reverse the Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) because Appellant was denied a due process hearing on the merits.
Utley and Baez-Camacho had a business relationship which soured leaving bad feelings between them. Baez-Camacho, by alleging certain threatening acts committed by Utley, was able to obtain a temporary injunction with a due process hearing to follow. See section 784.046, Fla. Stat. (1998).
At the due process hearing, the court did not swear either witness, did not permit Utley to call witnesses, and did not give Utley the chance to cross-examine Baez-Camacho. The court announced its focus for the hearing as follows:
THE COURT: I have to tell you, from a judge's standpoint on these all I need to determine is whether the fear is reasonable and grant the permanent injunction.
* * *
Ultimately, then I would have to determine whether [the appellee's claims are] true or not. But like I'm saying, in injunctions, I rarely get into a situation with one side saying nothing happened and the other side saying this happened. I mean, if I were to do that how would I determine whether something happened or not? I'm trying to deal with a person's fear, not with an act that somebody witnessed.
*614 The purpose of a due process hearing following the grant of an ex parte temporary injunction is to give the defendant an opportunity to show that the allegations previously relied on are not true. The witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross-examination should be permitted. The court cannot determine whether the "fear is reasonable" unless it first determines the facts. Unless the facts are stipulated to, they must be determined the old fashioned way. They were not in this case.
REVERSED.
ANTOON, C.J., and PETERSON, J., concur.