941 So.2d 388 (2006)
Steven William TRAUGHBER, Appellant,
v.
Misty Fawn TRAUGHBER, Appellee.
No. 2D05-1144.
District Court of Appeal of Florida, Second District.
January 4, 2006.
David M. Wall of David M. Wall, P.A., Clearwater, for Appellant.
*389 Kristin R.H. Kirkner of Bay Area Legal Services, Tampa, for Appellee.
LaROSE, Judge.
Steven William Traughber appeals the trial court's final domestic violence injunction entered against him. Mr. Traughber did not receive reasonable notice of the final hearing. Accordingly, we reverse.
Mr. Traughber's wife, Misty Fawn Traughber, filed a petition for a domestic violence injunction on January 14, 2005. The trial court entered an ex parte temporary injunction that same day. The trial court also set a final injunction hearing for January 25, 2005, at 9:30 a.m. The temporary injunction was effective until the final hearing, and provided that "[i]f Petitioner and/or Respondent do not appear [at the final hearing], this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs."
Mr. Traughber, who lived in Pinellas County, was served with the notice of hearing at 9:05 p.m. the night before the final hearing. Mr. Traughber did not attend the hearing in Tampa. The trial court entered a final domestic violence injunction that stated, "Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard."
Mr. Traughber argues that he "made every reasonable effort, under the circumstances," to notify the court of his inability to speak with counsel or be present at the hearing due to insufficient notice. He called the trial judge's chambers at 10:00 p.m. on the night before the final hearing and at 7:30 a.m. on the day of the final hearing. He left voice messages that he was unable to attend the hearing due to the late notice and would need a continuance. The trial judge's judicial assistant returned Mr. Traughber's calls at 8:25 a.m. on the morning of the hearing. He asked her to advise the trial court that he had only twelve hours' notice of the hearing and could not attend.
Mrs. Traughber contends that we should affirm because Mr. Traughber failed to (1) appear at the hearing and ask for a continuance, (2) move for rehearing under Florida Rule of Civil Procedure 1.530, or (3) move to modify or dismiss the final injunction pursuant to section 741.30(6)(c), Florida Statutes (2004). Even though Mr. Traughber did not take any of those actions, he is still entitled to appeal the sufficiency of the notice he received. See Fla. R. Civ. P. 1.530(c).
The crux of Mrs. Traughber's position is that the short notice was reasonable in light of the fact that service was delayed by court and law enforcement efforts to transfer the temporary injunction from Hillsborough County to Pinellas County. We cannot accept this argument. Mr. Traughber was entitled to reasonable notice of the final hearing. The record before us reflects that he was not afforded this essential right.
In Conner v. Conner, 800 So.2d 724, 725 (Fla. 2d DCA 2001), we held that the wife's less-than-ten-day notice of a dissolution modification hearing was insufficient where the husband lived out of state. In Reynolds v. Reynolds, 187 So.2d 372, 373 (Fla. 2d DCA 1966), we held that twenty-four hours' notice of a contempt hearing was insufficient where the trial court found the wife guilty and modified a final dissolution decree when the wife failed to appear. And, in J.B. v. Department of Children and Family Services, 768 So.2d 1060 (Fla. 2000), a father received only twenty-four hours' notice of an advisory hearing on termination of parental rights. We held that was insufficient notice as a matter of *390 law where, as a result of the father's failure to appear, the trial court entered consent to termination on his behalf. Id. at 1067 n. 4. Although the relevant statute in J.B. required a hearing "as soon as possible after all parties have been served," there was no emergency or potential danger to the children justifying a hearing on one day's notice. Id. at 1066. See also City of Boca Raton v. Boca Raton Airport Auth., 768 So.2d 1191, 1192-93 (Fla. 4th DCA 2000) (reversing injunction order where petitioner failed to demonstrate how short delay in hearing would have caused irreparable injury).
The record before us reveals no emergency or potential danger to the wife or minor children justifying a final hearing on only twelve hours' notice to Mr. Traughber. Importantly, a temporary domestic violence injunction was already in effect against Mr. Traughber. By its own terms, the temporary injunction could be continued in force or extended pending a final hearing. See also § 741.30(5)(c). Thus, an appropriate mechanism was in place to protect Mrs. Traughber and her children while accommodating Mr. Traughber's entitlement to reasonable notice of a final hearing.
We reverse the final domestic violence injunction and remand for a new final hearing with reasonable notice to Mr. Traughber. Pending further action by the trial court, we reinstate and continue in force the temporary injunction against Mr. Traughber. See Cisneros v. Cisneros, 782 So.2d 547, 548 (Fla. 3d DCA 2001).
Reversed and remanded with instructions.
FULMER, C.J., and BAIRD, W. DOUGLAS, Associate Judge, Concur.