963 So.2d 298 (2007)
Kimberly OHRN, Appellant,
v.
Ashlee Jewel WRIGHT, Appellee.
No. 5D06-4068.
District Court of Appeal of Florida, Fifth District.
August 10, 2007.
Bart Schneider, of Bart Schneider, P.A., Orlando, for Appellant.
No Appearance for Appellee.
PER CURIAM.
We reverse the final judgment of injunction for protection against repeat violence entered pursuant to section 784.046, Florida Statutes (2006). We do so because the transcript of the hearing reflects that the trial court did not swear either witness and did not permit the appellant, Kimberly Ohrn, to call a witness who could have offered testimony to support her version of the incidents that had occurred between the parties. These actions constituted a due process violation.
Section 784.046, Florida Statutes (2006), requires a "full hearing" prior to entering a permanent injunction against repeat violence.[1] To satisfy the constitutional and statutory imperative of due process, at an injunction hearing, the parties must have an opportunity to prove or disprove the allegations made in the complaint. All witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross-examination should be permitted. Utley v. Baez-Camacho, 743 So.2d 613, 614 (Fla. 5th DCA 1999). While we are sympathetic to the time constraints faced by busy trial courts, we cannot ignore the dictates of the Florida Statutes or the requirements of fundamental due process concerning the procedures to be utilized in making critical decisions of this nature. See Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997).
REVERSED AND REMANDED.
ORFINGER, MONACO and EVANDER, JJ., concur.
NOTES
[1] Section 784.046(6)(a), Florida Statutes (2006), which governs injunctions for repeat violence, states, in pertinent part:

(6)(a) When it appears to the court that an immediate and present danger of violence exists, the court may grant a temporary injunction which may be granted in an ex parte hearing, pending a full hearing, and may grant such relief as the court deems proper, including an injunction enjoining the respondent from committing any acts of violence.
(Emphasis added).