968 So.2d 635 (2007)
Laura Barbara TEJEDA-SOTO, Appellant,
v.
Kathleen RAIMONDI, Appellee.
Laura Barbara Tejeda-Soto, Appellant,
v.
Guy Raimondi, Appellee.
Marcos Hernando Soto-Perez, Appellant,
v.
Kathleen Raimondi, Appellee.
Marcos Hernando Soto-Perez, Appellant,
v.
Guy Raimondi, Appellee.
Nos. 2D06-3107, 2D06-3141 to 2D06-3143.
District Court of Appeal of Florida, Second District.
October 26, 2007.
*636 Neil Morales of The Morales Law Firm, P.A., Naples, for Appellants.
Melissa A. Vasquez and Eric J. Vasquez of Law Offices of Eric J. Vasquez, Naples, for Appellees.
SILBERMAN, Judge.
These consolidated cases deal with four petitions for injunction for protection against repeat violence arising from problems between two couples who were neighbors. Kathleen Raimondi and Guy Raimondi each filed separate petitions against Laura Barbara Tejeda-Soto and Marcos Hernando Soto-Perez. The trial court, after a nonevidentiary hearing, issued four Final Judgments of Injunction for Protection against Repeat Violence (After Notice) and four amended final judgments to protect the Raimondis (the Petitioners) from Tejeda-Soto and Soto-Perez (the Respondents). The court also entered four orders for surrender of firearms or orders for affidavit of no firearms. We reverse and remand for an evidentiary hearing.
The trial court conducted a hearing on the petitions for protection against repeat violence on June 19, 2006. The trial court heard an opening statement from the Petitioners' counsel, during which the Respondents' counsel objected to the Petitioners' counsel showing the court photographs that were not admitted into evidence. The Respondents' counsel added that a proper foundation had not been laid and that the Petitioners had not established that the signs in the photographs belonged to the Respondents or had been on the Respondents' property. The Respondents' counsel immediately proceeded with his opening statement, indicating that he brought almost all of the neighbors to testify at the hearing, along with individuals who had moved because of harassment by the Petitioners. The Respondents' counsel contended that some of the allegations were more a matter for code enforcement or small claims court rather than an injunction against repeat violence.
During the opening statement of the Respondents' counsel, the trial court interjected as follows:
You know, I didn't invent this forum, and I'll be leaving it here. This is my curtain callnot my curtain call. I've got three calls for last performance.
I will accept your representations as to what your client and the witnesses would say.
Nonetheless, I think this is a situation where a restraining order is appropriate, so I will issue the restraining order until further order of the Court.
Thank you all.
The trial court heard no witnesses and admitted no evidence before entering the injunctions.
The Respondents contend on appeal that they were denied due process, and we agree. Section 784.046, Florida Statutes (2005), the statute governing injunctions against repeat violence, contemplates a "full hearing" before entry of a permanent injunction against repeat violence. See Ohrn v. Wright, 963 So.2d 298, 298 (Fla. 5th DCA 2007). In Ohrn, the court explained as follows:
To satisfy the constitutional and statutory imperative of due process, at an injunction *637 hearing, the parties must have an opportunity to prove or disprove the allegations made in the complaint. All witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross-examination should be permitted.
Id. The courts cannot ignore "the requirements of fundamental due process[.]" Id.
In a similar case, Smith v. Smith, 964 So.2d 217 (Fla. 2d DCA 2007), this court considered a final injunction for protection against domestic violence. This court determined that "Mr. Smith was denied his fundamental constitutional right to procedural due process" where the trial court had denied him the opportunity to testify in his own behalf or to call witnesses before entry of a permanent injunction. Id. at 219.
Because the Respondents were denied their fundamental constitutional right to be heard, we reverse the final judgments and the amended final judgments of injunction for protection against repeat violence, along with the orders relating to firearms, and remand for a full evidentiary hearing. We also note the Respondents' contention that the trial court should have dismissed the petitions for failure to state a cause of action. It does not appear that the Respondents were able to fully make this argument to the trial court, perhaps due to the truncated nature of the hearing. Thus, on remand the Respondents may make their argument to the trial court that the petitions should be dismissed for failure to state a cause of action.
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.