971 So.2d 165 (2007)
Glenn STORM, Appellant,
v.
Michael J. DECKER, Sr., and Deborah Decker, Appellee.
No. 5D07-882.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
Elizabeth E. Berenguer of Berenguer Ragan, PL, Orlando, for Appellant.
No Appearance for Appellee.
LAWSON, J.
Glenn Storm appeals a final injunction for protection against repeat violence rendered in favor of Michael and Deborah Decker. We reverse the injunction, finding that Storm was denied due process when the trial court failed to continue the final hearing so that Storm or his attorney could participate.
Storm owns property in Brevard County, adjacent to property owned by the *166 Deckers. However, Storm lives in Dade County. The Decker's counsel had Storm served with the petition for injunction at 5:30 p.m., in South Florida, three business days before the scheduled final injunction hearing. The next morning, Storm retained counsel from Orlando, Florida, who prepared and faxed a motion to continue, on the next business day, indicating that she could not prepare for the final hearing in the time remaining before the hearing (one business day), and that neither she nor Storm could attend the final hearing on the day scheduled. The motion, therefore, requested a short continuance.
After faxing the motion to continue, Storm's counsel called the Deckers' counsel in an attempt to reach an agreement on the motion to continue, but the call was not returned. Additionally, Storm's counsel had her staff repeatedly call the Brevard courthouse, attempting to obtain a ruling on the motion to continue prior to the hearing, and, when that failed, attempted to arrange for counsel to appear by telephone on the day of the hearing. The trial judge's judicial assistant would not arrange for counsel's appearance by phone, and the trial court denied the motion and proceeded to the final hearing with neither Storm nor his counsel in attendance, although the record does not reflect any emergency, danger or prejudice to the Deckers had a short continuance been granted.[1] On these facts, we find that Storm was denied procedural due process. Given the short notice involved, the lack of emergency, and the totality of these circumstances, the motion to continue should have been granted to allow Storm and his counsel to appear and participate in the hearing. See, e.g., Traughber v. Traughber, 941 So.2d 388 (Fla. 2d DCA 2006). Alternatively, once the trial judge was made aware of counsel's diligent efforts by way of motion for rehearing, the court should have set aside the injunction and scheduled a new hearing, to assure Storm a reasonable opportunity to be heard.
We reverse the final injunction, and remand for a new final hearing.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] We note that the trial court was not initially made aware of the repeated efforts by Storm's counsel to obtain a ruling on the motion to continue prior to the hearing, or of counsel's effort to appear by telephone. In fact, when the trial judge asked if Storm's counsel had made any attempt to call, the Deckers' counsel stood silent (although his office had received calls from Storm's counsel). And, the trial clerk informed the judge that she was unaware of any attempts by counsel to follow-through on the faxed motion prior to the morning of the hearing. However, Storm's counsel timely filed a motion to set aside the injunction (or for rehearing), with an affidavit setting forth the efforts outlined in this opinion. This motion was denied.