KELLY, Judge.
L.C. (the Grandfather) appeals from the final judgment of injunction for protection against domestic violence which prohibits him from having any contact with his granddaughter, J.C. Because the Grandfather did not receive reasonable notice of the hearing on the petition for the injunction, we reverse.
On April 8, 2010, A.M.C. (the Mother) filed a petition for injunction for protection against domestic violence against L.C., the child’s paternal grandfather. After reviewing the Mother’s petition, the court found that the facts as stated in the petition standing alone did not justify the entry of a temporary injunction. The court set a hearing for April 15, 2010, at 11:00 a.m. The Grandfather was not served with notice of the hearing until April 14, 2010, at 9:45 a.m. The Grandfather immediately attempted to obtain counsel, but was unable to do so in time for the hearing. After the hearing, he did retain an attorney who promptly filed a motion for rehearing detailing the Grandfather’s efforts to obtain counsel between the time he received the notice and the time of the hearing.
On appeal, the Grandfather argues that the service of notice only twenty-five hours before the hearing was insufficient. See, e.g., Traughber v. Traughber, 941 So.2d 388 (Fla. 2d DCA 2006) (finding that the respondent received insufficient notice of the hearing on the permanent injunction where he was served with notice of the hearing the night before the hearing); Storm v. Decker, 971 So.2d 165 (Fla. 5th DCA 2007) (holding that the respondent was denied procedural due process when the trial court failed to continue the injunction hearing where the respondent was not served with the petition until three business days before the hearing and the record did not reflect any emergency or danger).[1] Under the facts here, we agree *1183 the notice was insufficient. The record contains no indication that J.C. was in any danger because of L.C., and certainly not imminent danger. L.C. acted diligently to obtain counsel after he was served with the notice, and he promptly sought rehearing after the injunction was entered in a motion that detailed his efforts.[2] Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
CRENSHAW and MORRIS, JJ., Concur.

. In his initial brief, L.C. also argued that the injunction was not supported by competent, substantial evidence because the trial court did not put A.M.C. under oath at the hearing. In a motion filed after our original opinion issued, L.C. withdrew that claim after receiving a corrected transcript of the hearing that included the portion of the court proceedings where the oath was administered. Accordingly, we have reissued our opinion to reflect L.C.’s withdrawal of that issue. We note, however, that the corrected transcript does not resolve the issue of whether these parties were placed under oath. The transcript indicates that at the beginning of the domestic violence docket, the clerk administered the oath to "the participants in the courtroom” who "responded in unison.” The transcript does not reflect who was in the courtroom when the oath was administered. Multiple *1183 cases were on the docket, and the transcript reflects that "other cases were called by the court” before this one. When this case was called, the trial court did not ask the parties if they had been sworn. Thus, we cannot determine from the record whether either party was present and took the oath when the clerk administered it to the group at the beginning of the docket.

. In so holding, we emphasize that a party is not required to be represented by an attorney in injunction proceedings. "In the context of domestic and repeat violence, section 741.30(1)(f) of the Florida Statutes (2009), states, 'This cause of action for an injunction shall not require that either party be represented by an attorney.’ " In re Eriksson, 36 So.3d 580, 593 (Fla.2010). Rather, judges are encouraged to assist pro se litigants in understanding the process of obtaining a domestic or repeat violence injunction and not to employ an unduly rigid approach so as to impede a pro se litigant’s ability to obtain the relief he or she seeks from the court. Id. at 593-94.