PER CURIAM.
Mr. Steven Niederkorn timely appeals the denial of his petition for injunction for protection against dating violence. Both he and the Appellee, Melissa Trivino, filed petitions for protection against dating violence arising out of the same incident. At the trial on the merits of both parties’ claims, Mr. Niederkorn advised the court that he had no objection to the entry of Ms. Trivino’s injunction against him. Ms. Trivino, however, objected to an injunction being entered against her, and the case proceeded to an evidentiary hearing.
During the hearing, Mr. Niederkorn testified as to the events that occurred. The court then asked Ms. Trivino if she had any questions for Mr. Niederkorn. She had no substantive questions for him. The court then called Ms. Trivino as a witness and examined her as to the events that had occurred and did not permit Mr. Nied-erkorn to cross-examine her. The court then called Ms. Trivino’s sister to testify as to the events that occurred and again did not permit Mr. Niederkorn to cross-examine the witness. After the testimony of Ms. Trivino’s sister, the court denied Mr. Niederkorn’s injunction. It is from that order that Mr. Niederkorn appeals.
This court has dealt with this subject in the past. We recognize that trial courts are pressed for time and that typically on a domestic violence hearing day there are *992 numerous hearings that need to be heard. As a result, trial courts tend to move them along quickly and expeditiously and sometimes by doing so deny litigants fundamental due process.
In this case, Mr. Niederkorn was entitled to a full evidentiary hearing which includes direct examination of witnesses, cross-examination of witnesses, and the presentation of any other evidence. He was denied that right. See Ohrn v. Wright, 963 So.2d 298 (Fla. 5th DCA 2007); see also Pope v. Pope, 901 So.2d 352 (Fla. 1st DCA 2005). The final judgment denying Mr. Niederkorn’s petition for protection against dating violence is reversed, and the case is remanded for a full eviden-tiary hearing in accordance with section 741.30(5)(c), Florida Statutes.
REVERSED and REMANDED for full evidentiary hearing.
TORPY, EVANDER and JACOBUS, JJ., concur.