BLACK, Judge.
Ralph McNulty, on behalf of his minor son, G.M., appeals a final judgment of injunction for protection against dating violence. Mr. McNulty argues that the trial court failed to afford his son sufficient due process when it did not permit G.M. to call witnesses or cross-examine the petitioner before imposing the permanent injunction. We agree and reverse.
Timothy Douglas sought the injunction against G.M. on behalf of his minor daughter, K.D., after an alleged act of dating violence occurred on July 4, 2011. Both parties appeared pro se at the injunction hearing. At the outset of the hearing, the court asked the parties if they had any witnesses. Mr. McNulty responded affirmatively. The court then ordered the witnesses to wait outside the courtroom and indicated that the court would call the witnesses into the courtroom when they were needed to testify. The court also instructed the parties that they were not to speak unless the court was addressing them.
The court swore in the parties and proceeded to question K.D. about the alleged act of dating violence. The court asked very specific questions and questioned K.D. at length about the incident. The court next questioned Mr. Douglas as to whether he witnessed any of the alleged dating violence. Mr. Douglas proceeded to give his account of the injuries that his daughter had sustained. The court then asked G.M. to provide his account of the incident. After a brief response, the court asked Mr. Douglas if he had a reply. Mr. Douglas provided additional testimony in which he asked that G.M. be prevented from going near his daughter’s school. The court then granted the injunction.
G.M.’s witnesses were not called, and other than his initial opportunity to recount the event, he was not provided the opportunity to testify. Further, neither party was permitted to cross-examine witnesses.
We review whether the trial court afforded a party the opportunity to be heard before imposing an injunction for an abuse of discretion. Smith v. Smith, 964 So.2d 217, 218-19 (Fla. 2d DCA 2007). Section 784.046(6)(c), Florida Statutes (2011), requires a “full hearing” before en *233 try of a permanent injunction against dating violence. See Tejeda-Soto v. Raimondi, 968 So.2d 635, 636 (Fla. 2d DCA 2007). A full evidentiary hearing “includes direct examination of witnesses, cross-examination of witnesses, and the presentation of any other evidence.” Niederkorn v. Trivino, 68 So.3d 991, 992 (Fla. 5th DCA 2011).
To satisfy due process at an injunction hearing ‘“the parties must have an opportunity to prove or disprove the allegations made in the complaint. All witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross-examination should be permitted.’ ” Tejeda-Soto, 968 So.2d at 636-37 (quoting Ohrn v. Wright, 963 So.2d 298, 298 (Fla. 5th DCA 2007)). “The trial court has a duty to control the proceedings, ensuring that both sides have a fair share of the court’s time.” Smith, 964 So.2d at 219. It is an abuse of discretion for the court to deny a party the opportunity to call witnesses or testify on his or her own behalf. Id.
Here, the court ordered G.M.’s witnesses out of the courtroom and never permitted them to testify. Further, G.M. was not provided the opportunity to cross-examine the petitioner. As a result, he was not afforded the due process to which he was entitled. Accordingly, we reverse the permanent injunction and remand for a full evidentiary hearing.
Reversed and remanded.
DAVIS and KHOUZAM, JJ., Concur.