DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER PUTZIG,**
Appellant,

v.

**KENNETH BRESK,**
Appellee.

No. 4D14-554

[April 15, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael G. Kaplan, Judge; L.T. Case No. 14-54 (59).

Richard F. Della Fera of Entin & Della Fera, P.A., Fort Lauderdale, for appellant.

No appearance for appellee.

DAMOORGIAN, C.J.

Jennifer Putzig appeals a Final Judgment of Injunction for Protection against Dating Violence. Putzig argues that the trial court violated her due process rights by not affording her the opportunity to present evidence, call witnesses, or cross-examine the appellee. We agree and reverse.

Putzig and appellee filed countervailing petitions for protection against dating violence arising out of the same incident. Both parties appeared pro se at the injunction hearing. At the outset, the court asked the parties if they had any witnesses. Putzig responded that she had one "on the way."

The court then swore in the parties and proceeded to question Putzig about the alleged act of dating violence. The court asked very specific questions and stopped Putzig if she veered off-topic. The court next questioned appellee about his version of the events, which he provided. When asked for her response to the appellee's testimony, Putzig told the court that he was "making it all up" and indicated that she had supporting text messages. The court did not allow Putzig to elaborate,

and granted each party's petition. The court did not ask to see Putzig's text-message evidence, inquire as to the status of Putzig's witness, or allow the parties to cross-examine each other.

"We review whether the trial court afforded a party the opportunity to be heard before imposing an injunction for an abuse of discretion." *McNulty ex rel. G.M. v. Douglas ex rel. K.D.*, 111 So. 3d 231, 232 (Fla. 2d DCA 2013).

Section 784.046(6)(c), Florida Statutes, requires a full hearing before entry of permanent injunction against dating violence. § 784.046(6)(c), Fla. Stat. (2014). "A full evidentiary hearing 'includes direct examination of witnesses, cross-examination of witnesses, and the presentation of any other evidence.'" *McNulty*, 111 So. 3d at 233 (quoting *Niederkorn v. Trivino*, 68 So. 3d 991, 992 (Fla. 5th DCA 2011)). Accordingly, a trial court abuses its discretion when it denies parties to a petition for a dating violence injunction the opportunity to call witnesses, present evidence, or cross-examine witnesses. *Id.*

Here, the transcript of the hearing reflects that the trial court did not present Putzig with an opportunity to cross-examine the appellee, call witnesses, or present evidence, even though Putzig indicated that she had a witness en-route and had text messages she wanted the court to consider. Accordingly, we reverse the final injunction and remand for a full evidentiary hearing.

*Reversed and Remanded.*

TAYLOR and MAY, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**