NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TIMOTHY CEELEN,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D15-1696
                                         )
CHRISTINA GRANT,                         )
                                         )
            Appellee.                    )
_____)

Opinion filed September 16, 2016.

Appeal from the Circuit Court for
Hillsborough County; Art E. McNeil, Judge.

Mark E. Reinhold, Tampa, for Appellant.

No appearance for Appellee.


NORTHCUTT, Judge.

           Timothy Ceelen appeals an injunction against stalking entered in favor of

his former girlfriend, Christina Grant.  Ceelen was not afforded procedural due process

at the hearing below.  Therefore, we reverse the injunction, and we need not address

Ceelen's other complaint.

           Ceelen and Grant lived together as a couple for seven years before

breaking up in early 2015.  Grant petitioned for an injunction against stalking, alleging

that Ceelen had forced her out of the home and then proceeded to make over two

hundred phone calls and text messages to her and her family. Grant claimed that all of the calls and texts were harassing and threatening rants from Ceelen. She also alleged that Ceelen threatened to kill himself. The circuit court entered an ex parte temporary injunction and then held an evidentiary hearing on the petition.

During the hearing, Grant's testimony was similar to the allegations contained in her petition. Ceelen, in his defense, made repeated attempts to introduce copies of the texts, and he also tried to call a witness. Ceelen proffered that his documents would show that he made the calls and texts out of a well-meaning fear that Grant might relapse into substance abuse. Ceelen also contended that his witness could corroborate his concerns regarding Grant's alleged substance abuse history. The court refused to admit Ceelen's evidence, positing that it was irrelevant in light of the sheer number of calls. The court ruled in favor of Grant and entered a permanent injunction. The court later denied Ceelen's motion for reconsideration, and he timely appealed.

The Florida Criminal Code authorizes circuit courts to issue temporary injunctions against stalking, but it contemplates a "full hearing" before a permanent injunction may be entered. § 784.0485(5)(c), Fla. Stat. (2014). To satisfy procedural due process during a full hearing "the parties must have an opportunity to prove or disprove the allegations made in the complaint. All witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross-examination should be permitted." Tejeda-Soto v. Raimondi, 968 So. 2d 635, 636-37 (Fla. 2d DCA 2007) (quoting Ohrn v. Wright, 963 So. 2d 298, 298 (Fla. 5th DCA 2007)).

Here, the circuit court simply refused to allow Ceelen to present evidence in his defense. It is especially troubling that the court threatened Ceelen with jail time when he pressed to fully present his case. We conclude that the court erred by declining to at least entertain Ceelen's evidence and witness testimony. As a result, Ceelen was not afforded the fundamental due process to which he was entitled, and we must reverse and vacate the injunction. We remand for a full evidentiary hearing to determine whether a new permanent injunction would be appropriate.

Reversed and remanded.


CRENSHAW and BADALAMENTI, JJ., Concur.