GROSS, J.
James Burns appeals a final judgment of injunction for protection against stalking entered in favor of Jerilyn Bockorick. We reverse because there was not competent substantial evidence to support the issuance of the injunction and there was no stipulation to evidence of stalking.
Bockorick filed a petition for injunction for protection against stalking against Burns. In the petition, she alleged that since the end of their romantic relationship several months earlier, Burns had repeatedly tried contacting her by .phone and email, despite her requests that he stop. The trial court found there was not a sufficient factual basis to enter a temporary injunction and set the matter for' an evidentiary hearing.
Bockorick was represented by counsel at the hearing. Burns appeared pro se. The judge began by asking if the parties had reached an agreement as to whether an injunction should be entered. Bockorick’s attorney responded that she spoke to Burns before the hearing and “explained what our request would be and the basis for the petition.” The judge asked counsel to apprise the court of the agreement and instructed Burns to “listen carefully.” Counsel did not provide a legal basis for the injunction, but explained that under the proposed agreement, Burns would be prohibited from contacting Bockorick or going within 500 feet of her home. Burns agreed to stay away from his ex, but expressed concern about the 500 feet requirement because the parties live down the street from each other. Bockorick’s attorney agreed to modify the distance, and offered to . include a provision that inadvertent or casual contact in public would not be a violation. After both parties agreed to the wording of the inadvertent contact provision, and without taking any evidence, the judge signed the final judgment of injunction.
After signing the final judgment, the judge told Bums that any attempt to contact Bockorick was prohibited, that he needed to surrender any firearms he had to the Sheriffs Department, and that a violation of the injunction could lead to a criminal case.
The court entered an “agreed” final judgment for protection against stalking violence to remain in effect for one year. The findings section of the final judgment stated that based on the specific facts of the case, Bockorick was a victim of stalking.
Burns timely moved for rehearing, arguing that although he agreed to stop contacting Bockorick during his pre-hearing discussion with her attorney, he never admitted or agreed that stalking occurred. Burns asserted that he signed the acknowledgment of receipt of the final judgment in open court, because he thought it merely represented his agreement to stop contacting Bockorick. Burns requested the judgment be reversed, or alternatively, that he be granted a new hearing at which he be given an opportunity to present evidence and defend against the petition. The motion for rehearing was dfenied without explanation.
Burns argues the trial court erred in entering an injunction when there was not competent substantial evidence of stalking. Bockorick responds that Burns agreed to the order prohibiting contact. Significantly, Bockorick concedes it is “impossible to tell” from the transcript whether Burns agreed to a finding that he engaged in stalking.
We hold that the trial court erred in entering an injunction where there was *440 no evidence of stalking and no stipulation to evidence of stalking, and abused its discretion in denying the motion for rehearing.
Section 784.0485, Florida Statutes (2016), creates “a cause of action for an injunction for protection against stalking.” “The Florida Criminal Code authorizes circuit courts to issue temporary injunctions against stalking, but it contemplates a ‘full hearing' before a permanent injunction may be entered.” Ceelen v. Grant, 210 So.3d 128, 129 (Fla. 2d DCA 2016) (citing § 784.0485(5)(c)(1)). “In order to be entitled to an injunction for stalking, the petitioner must allege and prove two separate instances of stalking.” David v. Schack, 192 So.3d 625, 627-28 (Fla. 4th DCA 2016); see also Touhey v. Seda, 133 So.3d 1203, 1204 (Fla. 2d DCA 2014) (“Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking.”).
Here, there was not competent substantial evidence to support the injunction. As noted by the trial judge in the agreed final judgment, there were “no admissions and no testimony.” Additionally, the facts alleged by Bockorick in her petition were insufficient to warrant a temporary injunction. See § 784.0485(5)(a) (authorizing a court to grant a temporary injunction ex parte, “[i]f it appears to the court that stalking exists”).
There was no stipulation to evidence of stalking. Once Bockorick’s attorney informed the court that the parties had reached an agreement, the hearing focused on crafting language to permit inadvertent contact given that the parties live near each other. While Burns agreed to an order prohibiting him from contacting Bock-orick, there is no indication that he agreed to having engaged in stalking, or was even aware the final judgment would contain a finding of stalking. See, e.g., Brown v. State, 940 So.2d 609, 610 (Fla. 4th DCA 2006) (explaining that where a defendant expressly stipulates to evidence, he waives his “right to contest the ... failure to introduce any evidence on those stipulations”).
Because there was neither evidence of, nor a stipulation to evidence of stalking, we reverse and vacate the injunction. “We remand for a full evidentiary hearing to determine whether a new permanent injunction would be appropriate.” Ceelen, 210 So.3d at 129.
We remind trial judges that injunctions for protection can have serious consequences. See, e.g., § 790.233, Fla. Stat. (2016) (providing that individuals against whom a section 784.0485 injunction is entered may not possess a firearm or ammunition); § 784.0485(9)(a) (providing that violation of an injunction for protection may be enforced through a civil or criminal contempt proceeding or prosecuted as a criminal violation). An injunction is also a public record that can affect a person’s employment and freedom to travel. Many persons are not represented by lawyers at injunction hearings. Because of busy dockets, it can be tempting for judges to sign off on an agreement between the parties when it is not obviously unfair. But expediency must not overwhelm a trial judge’s obligation to ensure pro se litigants fully understand the consequences that flow from injunctions for protection, and that there is a factual basis that meets the requirements of the statute.

Reversed and remanded.

Conner and Kuntz, JJ., concur.