# Supreme Court of Florida

_____

No. SC16-1921
_____

**NICOLE LOPEZ,**
Petitioner,

vs.

**SEAN HALL,**
Respondent.

[January 11, 2018]

LAWSON, J.

This case is before the Court for review of the decision of the First District Court of Appeal in Hall v. Lopez, 213 So. 3d 1003 (Fla. 1st DCA 2017), which certified direct conflict with the Third District Court of Appeal's decisions in Ratigan v. Stone, 947 So. 2d 607 (Fla. 3d DCA 2007), and Cisneros v. Cisneros, 831 So. 2d 257 (Fla. 3d DCA 2002), and with the Fifth District Court of Appeal's decision in Dudley v. Schmidt, 963 So. 2d 297 (Fla. 5th DCA 2007), regarding whether an award of attorney's fees pursuant to section 57.105, Florida Statutes (2013), is permissible in dating, repeat, and sexual violence injunction proceedings

under section 784.046, Florida Statutes (2013).[1]  We have jurisdiction.  See art. V, § 3(b)(4), Fla. Const.  For the reasons that follow, we approve the First District's holding that section 57.105 does not prohibit awarding attorney's fees in a section 784.046 action.

**BACKGROUND**

Nicole Lopez filed a petition for injunction for protection against repeat and dating violence under section 784.046, Florida Statutes, against Sean Hall, and received a temporary injunction.  After the circuit court extended the injunction protection until further order, Hall moved for attorney's fees and sanctions under section 57.105, Florida Statutes, claiming that Lopez perjured herself in her petitions.  Lopez later voluntarily dismissed her action.  The trial court then denied Hall's motion for attorney's fees, holding that section 784.046 contains no provisions authorizing an award of section 57.105 attorney's fees on any basis.  Hall appealed, and the First District reversed the trial court's ruling, holding that an award of section 57.105 attorney's fees is not prohibited in an action under 784.046 and certifying direct conflict with Ratigan, Cisneros, and Dudley.  Hall, 213 So. 3d at 1007.

---

1.  While the 2013 version of the Florida Statutes applies to the case at issue and is therefore the version cited in this opinion, the current 2017 version of the Florida Statutes is materially the same for both section 784.046 and section 57.105 as well as the versions referenced in the certified conflict cases.

## ANALYSIS

We review questions of statutory interpretation de novo.  See Borden v. East-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006).  We first examine the statute's plain meaning, resorting to rules of statutory construction only if the statute's language is ambiguous.  Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984).

Section 57.105 provides the grounds and procedure for obtaining attorney's fees against a party and its attorney for bringing unsupported claims and defenses:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1), Fla. Stat. (2013) (emphasis added).

The statutory language unambiguously states that it applies to "any claim or defense at any time" during any "civil proceeding or action" where a party or its attorney "knew or should have known" that they pursued baseless claims or defenses.  The statute's plain language makes clear that it supplies a way to sanction a party and its attorney in civil actions for baseless claims or defenses and that it applies to civil proceedings or actions, without exception.  Moreover, while

section 784.046 includes no mention of attorney's fees and costs, it does not purport to prohibit an award pursuant to section 57.105. See § 784.046.

Accordingly, whether section 57.105 applies in a section 784.046 proceeding turns on whether such a proceeding is a "civil proceeding or action." See § 57.105(1). And it is. See H.K. ex rel. Colton v. Vocelle, 667 So. 2d 892, 893 (Fla. 4th DCA 1996) ("Section 784.046 creates a civil cause of action for a protective injunction . . . ."); see also Fla. R. Civ. P. 1.040 ("There shall be one form of action to be known as 'civil action.' "). Because section 57.105's language plainly states that its provisions apply to "civil proceeding[s] or action[s]," and a proceeding under section 784.046 is a civil proceeding, we hold that section 57.105 may be applied to section 784.046 actions where all other requirements of section 57.105 are met.

However, we acknowledge that practical problems may occur in certain circumstances when parties attempt to apply section 57.105 to actions under section 784.046. Section 57.105 provides a notice requirement, which gives parties and their attorneys a 21-day time period after receipt of service of a section 57.105 motion to withdraw or correct a baseless claim or defense before the motion can be filed with the court.[2] Section 784.046 allows a petitioner to receive

---

2. "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense,

- 4 -

an ex parte temporary injunction, effective for 15 days at most, and requires that a full hearing occur on a date "no later than the date the temporary injunction ceases to be effective," unless good cause is shown. § 784.046(6)(c). Because of the statutory timeline provided in section 784.046, it will be impossible for a party to obtain a ruling upon a section 57.105 motion in a situation where a temporary injunction is granted and a full hearing must occur at most 15 days later, prior to the end of the 21-day-notice period.

Although Lopez argues that the inability to comply with the notice requirement of section 57.105 in this situation requires us to hold that section 57.015 does not apply to section 784.046 proceedings, we disagree for three reasons. First, as already discussed, Lopez's reading is contrary to the plain language of the statutes at issue. Second, it is possible in numerous circumstances to comply with the notice requirement of section 57.105 in a section 784.046 action. For example, as happened in this case, when a judge extends a temporary injunction order there will be time for the party seeking section 57.105 fees to meet the 21-day notice required before filing the motion. Finally, were we to read the statutes at issue as Lopez suggests, we would be limiting the trial court's ability to award fees on its own initiative under section 57.105(1), contrary to the plain language of that statute.

contention, allegation, or denial is not withdrawn or appropriately corrected." § 57.105(4).

## CONCLUSION

For these reasons, we approve the First District's decision in <u>Hall</u> and hold that section 57.105 may be applied to repeat, dating, and sexual violence injunction proceedings under section 784.046. We further disapprove the Third District's decisions in <u>Ratigan</u> and <u>Cisneros</u> and the Fifth District's decision in <u>Dudley</u> to the extent they can be read to preclude the application of section 57.105 under proper circumstances in section 784.046 proceedings.

It is so ordered.

LEWIS, CANADY, and POLSTON, JJ., concur.
PARIENTE, J., dissents with an opinion, in which LABARGA, C.J., and
QUINCE, J., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND,
IF FILED, DETERMINED.

PARIENTE, J., dissenting.

I dissent from the majority's conclusion that attorney's fees under section 57.105, Florida Statutes (2013), may be awarded in an injunction for protection proceeding brought under section 784.046, Florida Statutes (2013). Majority op. at 4. I am confident that such a result could never have been intended by the Legislature. Simply put, a petition for an injunction for protection against dating, repeat, and sexual violence is not a "civil proceeding or action." § 57.105(1), Fla. Stat. (2013); <u>see</u> majority op. at 3. Moreover, the incompatibility of the statutory

- 6 -

schemes demonstrates that section 57.105 was never intended to apply to proceedings brought under section 784.046.

Allowing respondents against whom injunctions for protection are brought to seek attorney's fees under section 57.105 will have a chilling effect on prospective petitioners, deterring them from filing for injunctions that are critical to their safety and well-being. This is especially true where the petitioner files the petition pro se and the respondent retains an attorney.[3] If the Legislature intends such a draconian result, it should clearly state so.[4] Otherwise, I would urge the Legislature to clarify that this was never its intent.

---

3. Hall's attorney represented that this statute would apply only to a "sliver" of the cases where the respondent is represented. This assertion cannot be thoroughly documented, although we know that the majority of petitioners in these cases are unrepresented. See, e.g., Burns v. Bockorick, 220 So. 3d 438, 440 (Fla. 4th DCA 2017) ("Many persons are not represented by lawyers at injunction hearings."); Office of Program Pol'y Analysis & Gov't Accountability, A Review of Florida Circuit Courts 14 (2015), http://www.oppaga.state.fl.us/MonitorDocs/Reports/pdf/1513rpt.pdf ("Courts have only recently begun to track the number of pro se cases, so there is not reliable statewide or national data on their prevalence . . . ."). We also know that in fiscal year 2015-2016 alone, 86,735 orders for protection against violence were sought and 86,357 orders for protection against violence were entered. Fla. Office of the State Courts Adm'r, Circuit Family Court Statistics, FY 2015-16, 5-2, 5-10 (2016), http://www.flcourts.org/core/fileparse.php/541/urlt/Chapter-5_-Family-Court.pdf.

4. To the contrary, it would appear that the Legislature recognizes the unique vulnerability of domestic violence victims and need to assist them by providing that the Clerk's offices shall provide a copy of section 784.046, "simplified forms, and clerical assistance for the preparation and filing of such a petition by any person who is not represented by counsel." § 784.046(3)(a), Fla. Stat. (2017). The judiciary has also recognized the need to provide assistance to pro se litigants. See, e.g., L.C. v. A.M.C., 67 So. 3d 1181, 1182 n.2 (Fla. 2d DCA

- 7 -

By concluding that an action for an injunction for protection is a civil action to which section 57.105 applies, the majority sidesteps the fact that section 784.046 is located within Title XLVI, Florida Statutes, titled "Crimes." Specifically, section 784.046 is within chapter 784, titled "Assault; Battery; Culpable Negligence." Indeed, Florida courts have recognized that it is "[t]he Florida Criminal Code" that "authorizes circuit courts to issue temporary injunctions." Ceelen v. Grant, 210 So. 3d 128, 129 (Fla. 2d DCA 2016) (emphasis added). This placement is logical because obtaining an injunction for protection against repeat violence requires a petitioner to show evidence of "two incidents of violence or stalking committed by the respondent . . . which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. (2013). The statute defines "violence" as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person," all of which are crimes under Florida Statutes. § 784.046(1)(a), Fla. Stat. Thus, to obtain an injunction for protection under section 784.046, the petitioner must establish that the respondent

2011) ("[J]udges are encouraged to assist pro se litigants in understanding the process of obtaining a domestic or repeat violence injunction and not to employ an unduly rigid approach so as to impede a pro se litigant's ability to obtain the relief he or she seeks from the court." (citing In re Eriksson, 36 So. 3d 580, 593-94 (Fla. 2010))).

has committed a criminal offense against the petitioner or the petitioner's immediate family member.  Id.

Additionally, "the consequences that flow from injunctions for protection" differentiate them from civil actions.  Burns v. Bockorick, 220 So. 3d 438, 440 (Fla. 4th DCA 2017).  For example, within 24 hours after an injunction for protection against repeat violence is issued, the clerk of court "must forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner."  § 784.046(8)(c)1, Fla. Stat. (2017).  Chapter 784 further allows law enforcement officers to use their arrest powers to enforce injunctions for protection against repeat violence and makes a willful violation of an injunction for protection against repeat violence a first-degree misdemeanor.  See §§ 784.046(7)(d)(2), 784.047(1), Fla. Stat. (2017); see also § 790.233, Fla. Stat. (2017) (providing that individuals against whom an injunction for protection is entered may not possess a firearm or ammunition).

Moreover, in concluding that section 57.105 may be applied to section 784.046 proceedings, the majority concedes that the 21-day safe harbor provision in section 57.105(4) is incompatible with section 784.046(6)(c)'s requirement that a full hearing be held no later than 15 days after a temporary injunction is entered.  Majority op. at 5.  Such incompatibility clearly shows that the Legislature never intended for section 57.105 to apply to section 784.046 proceedings.  As this Court has recognized, "the statute's plain and ordinary meaning must control, unless this

leads to an unreasonable result or a result clearly contrary to legislative intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005) (emphasis added); *see* *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992) ("Courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.").

The reality of the majority's holding today is that section 57.105 may now be used to intimidate a petitioner into withdrawing an otherwise meritorious petition for an injunction for protection out of fear that the petitioner's claims may be deemed frivolous. The unique nature of injunctions for protection and the incompatibility of the statutory schemes demonstrate that section 57.105 was never intended to apply to section 784.046 proceedings. I urge the Legislature to correct the majority's overly broad and unintentional application of section 57.105.

Accordingly, I dissent.

LABARGA, C.J., and QUINCE, J., concur.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D15-531

(Duval County)

Michael R. Yokan, Jacksonville, Florida; and Christopher W. Wickersham, Jr. of Law Offices of C.W. Wickersham, Jr., P.A., Jacksonville, Florida,

for Petitioner

- 10 -

Earl M. Johnson, Jr. of The Law Offices of Earl M. Johnson, Jr., LLC, Jacksonville, Florida,

for Respondent