DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KANDYCE MCPHERSON,**
Appellant,

v.

**KILLYAH SAMUEL,**
Appellee.

No. 4D2023-2613

[July 24, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael G. Kaplan, Judge; L.T. Case No. DVCE23006532.

Kandyce McPherson, Riviera Beach, pro se.

Mirna Lucho, Hollywood, for appellee.

FORST, J.

Appellant Kandyce McPherson appeals several orders arising from appellee Killyah Samuel's petition for an injunction for protection against stalking. Without addressing the permanent injunction's merits, we agree with McPherson that the trial court erred in denying McPherson's motion to continue the permanent injunction hearing. Accordingly, we vacate the permanent injunction, reinstate the temporary injunction against McPherson, and remand for a new permanent injunction hearing.[1]

## Background

Samuel petitioned for an injunction for protection against stalking against McPherson. Based on the petition and Samuel's testimony at an ex parte hearing, the trial court granted a temporary injunction and set a hearing regarding Samuel's permanent injunction petition for September 26, 2023. McPherson was served with a copy of the temporary injunction on September 18, 2023. The next day, McPherson filed a motion to reschedule the hearing, stating that she would be out of the country until

---

[1] We reject Samuel's jurisdictional argument without discussion.

the day after the hearing was scheduled.  The court denied the request two days later without explanation.  McPherson did not appear at the hearing, and the trial court granted Samuel's request for a permanent injunction.

McPherson timely moved to vacate the permanent injunction and for rehearing, explaining that issues with her return flight prevented her from attending the permanent injunction hearing.  Both requests were denied without elaboration.  Later, on Samuel's motion, the trial court amended the permanent injunction to increase the distance which McPherson is required to keep from Samuel.  McPherson now timely appeals the amended permanent injunction.

## Analysis

McPherson argues the trial court erred in denying her motion to continue because she had preplanned international travel and that she should have been given the opportunity to present her case.  We review a continuance motion for abuse of discretion.  *Vaught v. Vaught*, 189 So. 3d 332, 334 (Fla. 4th DCA 2016).

We look at three factors when assessing denial of a continuance motion: whether the denial results in an injustice for the movant; whether the cause for the delay was unforeseen or whether the motion was based on dilatory tactics; and whether the opposing party would be prejudiced.  *Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998); *Yaris v. Hartley*, 128 So. 3d 825, 828 (Fla. 4th DCA 2013).

Here, none of these factors supported denying McPherson's continuance motion.  First, the denial resulted in an injustice to McPherson because McPherson was prevented from presenting any evidence or argument, thus allowing the permanent injunction to be primarily based on the petitioner's uncontested allegations.  *See Higgins v. Higgins*, 351 So. 3d 1249, 1250–53 (Fla. 2d DCA 2022) (error to deny a continuance where a woman was out of the country until five days after a hearing and a poor internet connection prevented her from attending a Zoom hearing); *Solonina v. Artglass Int'l, LLC*, 256 So. 3d 971, 973–74 (Fla. 3d DCA 2018) (trial court erred when rescheduling trial for a date that on which the court knew the plaintiff would be out of town).  The permanent injunction statute, section 784.0485(5)(a)–(c), Florida Statutes (2023)[2], requires a hearing prior to a permanent injunction's issuance to protect the due process rights of the person to be enjoined.  *See Utley v. Baez-*

---

[2] This section was amended by 2024 Fla. Sess. Law Serv. Ch. 2024-109 on unrelated grounds.

2

*Camacho*, 743 So. 2d 613, 614 (Fla. 5th DCA 1999). Having a hearing without McPherson's presence defeated the statute's due process protections.

Second, the need for a continuance was unforeseen and nothing indicates the continuance motion was to delay. The temporary injunction was entered ex parte, so McPherson could not have anticipated a permanent injunction hearing was forthcoming. And because temporary injunctions may last only fifteen days without an extension under section 784.0485(5)(c), McPherson was given only eight days' notice of the hearing. She filed her motion to continue the day after she was served with the temporary injunction, and her motion stated she would return the day after the permanent hearing was scheduled. *See Storm v. Decker*, 971 So. 2d 165, 166 (Fla. 5th DCA 2007) (reversal premised on determination of trial court error in failing to grant continuance request when the notice of hearing was provided three days prior to hearing and counsel moved for a short continuance the next business day, explaining she could not prepare for and the appellant could not attend the hearing); *Fry v. Fry*, 255 So. 3d 873, 875–76 (Fla. 4th DCA 2018) (an expeditious motion to continue can indicate the motion is not for dilatory purposes).

Finally, Samuel would not have been prejudiced if the trial court had rescheduled the permanent injunction hearing until McPherson's return to the country, as the temporary injunction would have remained in place. *See* § 784.0485(5)(c), Fla. Stat. (2023) ("The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party . . . . An injunction shall be extended if necessary to remain in full force and effect during any period of continuance."). A temporary injunction has the effect of a permanent injunction, except that it is in place for only a limited amount of time. *See Garcia v. State*, 276 So. 3d 895, 897 (Fla. 3d DCA 2019) ("[A] duly-served temporary injunction is entitled to enforcement while in effect, just as is a permanent or final injunction."). If the trial court could not fit the rescheduled hearing on its docket before the temporary injunction expired, it could have extended the temporary injunction for another short period until the full hearing could have been scheduled. *See Traughber v. Traughber*, 941 So. 2d 388, 389–90 (Fla. 2d DCA 2006) (noting that because a temporary injunction was in place and the respondent was not given adequate notice of a permanent injunction hearing, the trial court should have prevented any due process issues by extending the temporary injunction and continuing the final hearing).

**Conclusion**

3

Upon receiving notice of the scheduled hearing, McPherson immediately requested a short continuance which the trial court summarily denied. Soon after the hearing and consequent permanent injunction against stalking, McPherson filed motions to vacate and for rehearing, stating that her attempt to return from her trip in time to attend the hearing was negated by issues with her return flight. This motion was denied without a hearing or explanation.

In light of this denial of due process and upon application of the three-pronged *Fleming* test, we conclude that the trial court abused its discretion in denying McPherson's motion to continue. As we have said before: "We are mindful of the trial court's broad discretion in these matters and are loathe to interfere with such discretion, but the denial of [the respondent's] motion for continuance created an injustice in this case." *Fleming*, 710 So. 2d at 604; *see also A.P.D. Holdings, Inc. v. Reidel*, 865 So. 2d 682, 683 (Fla. 4th DCA 2004) ("Florida courts have held that it is reversible error to refuse to grant a motion for continuance where a party or his or her counsel is unavailable for physical or mental reasons which prevent a fair and adequate presentation of the party's case.").

We thus reverse the denial of the motion to continue, vacate the permanent injunction, reinstate and continue in force the temporary injunction against McPherson, and remand for a new hearing on the petition for permanent injunction. *See Putzig v. Bresk*, 183 So. 3d 1046, 1047 (Fla. 4th DCA 2015); *Traughber*, 941 So. 2d at 390.

*Vacated and remanded with instructions.*

GROSS and ARTAU, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***